### WASECA COUNTY BANK *vs.* CHARLES McKENNA.

#### November 29, 1884.

**Taxation—Sale of Bank Stock—Injunction.—**A bank cannot maintain an action to restrain the collector of taxes from levying upon and selling the shares of individual stockholders for taxes upon such shares.

The plaintiff, a banking corporation under the laws of the state, brought this action in the district court for Waseca county, to restrain the defendant, the treasurer of the county, from making sale of the shares of stock of the bank for taxes levied thereon. In its complaint it professes to sue on behalf of all its stockholders, and sets forth matters which it alleges vitiated the assessment of the tax. The action was tried before *Buckham*, J., who ordered judgment for defendant, which was entered, and the plaintiff appealed.

*Lewis & Leslie*, for appellant, in support of plaintiff's right to maintain the action on behalf of its shareholders, cited *Hills* v. *Nat. Bank*, 12 Fed. Rep. 93; *Cummings* v. *Nat. Bank*, 101 U. S. 153; *Pelton* v. *Nat. Bank*, 101 U. S. 143; *City Nat. Bank* v. *City of Paducah*, 5 Cent. L. J. 347.

*P. McGovern*, for respondent.

GILFILLAN, C. J. The plaintiff is not in position to maintain this action. Not having in its hands any dividends due stockholders, (we

do not wish to express an opinion whether that would make any difference,) the only thing which the defendant as treasurer can do is to levy upon and sell the shares of stock of individual stockholders for the tax upon such shares. This is all that he threatens to do, and is what the action seeks to enjoin him from doing. Such sale would have the effect only to transfer, to whomsoever should purchase at the sale, the title to the stock sold. This would not affect the bank in any other way, nor be any more a wrong against it, than would a transfer by the stockholders themselves. The wrong, if any, in making the levy and sale would be a wrong against the individual stockholders, and not against the bank. It has, therefore, no legal interest in the matter. We are referred to several decisions upholding suits by banks to restrain such levies and sales. But such decisions could not be made under a statute which requires, as ours does, that "every action shall be prosecuted in the name of the real party in interest."

The suggestion that the action will prevent a multiplicity of suits (that is, of the individual stockholders) does not help the plaintiff; for one having no interest in the controversy cannot maintain an action on the ground that otherwise there may be a multiplicity of suits by those who are interested.

The court below did not decide the case on this point, but it presents an insuperable objection to any other judgment than one in favor of defendant.

Judgment affirmed.