NORTHWESTERN LOAN & BANKING CO. v. MUGGLI, Treasurer.

The shares of stock of an incorporated banking association being, as provided by chapter 14, Laws of 1891, assessed against the individual owners thereof, and the tax extended thereon being against and payable by such individual shareholders, and not by the bank, such bank cannot, in its own name, and for itself, maintain an action to restrain the collection of such tax from the individual stock owners.

(Syllabus by the Court. Opinion filed Oct. 12, 1895.)

Appeal from circuit court, Lake county. Hon. JOSEPH W. JONES, Judge.

Action to restrain the collection of taxes. From a judgment sustaining a demurrer to the bill, plaintiff appeals. Affirmed.

The facts are stated in the opinion.

*J. H. Williamson*, and *Bailey & Voorhees*, for appellant.

An injunction will lie at the suit of a bank to restrain a tax assessed against its shareholders. Cummings v. National, 101 U. S. 153; Pelton v. National, Id. 143. An injunction will lie to restrain the collection of personal taxes. Drake v. Phillips, 40 Ill. 388; Foote v. Milwaukee, 18 Wis. 270; Railroad v. La Fayette, 22 Ind. 262; Comm. v. Markle, 46 Ind. 92; Knight v. Flatrock, 45 Id. 134; Schumacher v. Grant, 36 Id. 175; Riley v. Western, 47 Ind. 511; Spencer v. Wheaton, 14 Ia. 38; St. Clair Boards Appeal, 75 Pa. St. 252; McKonkey v. Smith, 73 Ill. 313; Lebanon v. Railway, 77 Id. 539; National v. Cook, Id. 622; Binkert v. Jensen, 94 Id. 283; Cooley Tax, 772.

*Oscar O. Murray*, for respondent.

A complaint for an injunction must show by issuable allegations that plaintiff will suffer irreparable injury and has no adequate remedy at law. City v. Koeffler, 116 U. S. 218; Frost v. Flick, 1 Dak. 126; Farrington v. New Eng. 45 N. W. 191; Bode v. New Eng. 42 N. W. 659; Hannawinkle v. Georgetown, 15 Wall. 548; Taylor v. Secar, 92 U. S. 575. Equity has no jurisdiction to restrain the collection of a personal tax, even conceding it to be illegal. Bradish v. Tucker, 36 N. W. 456; Clark v. Ganz, 21 Minn. 387; Odlin v. Woodruff, 12 So. 227; Dows v. City, 78 U. S. 65; Van Cott v. Board, 18 Wis. 259; High on Inj. 340.

KELLAM, J. This is an appeal from an order of the circuit court of Lake county sustaining a demurrer to the complaint of the plaintiff, now appellant. The essential facts charged in the complaint are that appellant is an incorpor-

ated loaning and banking company under the laws of the state, doing business in the city of Madison; that in assessing its stock for taxation the city assessor refused to deduct from aggregate amount of its capital stock, it having no surplus fund, the amount of its investments in real estate as directed by section 24, c. 14, Laws 1891, of which the assessor was duly advised by the appellant, but assessed such shares of stock against the individual owners thereof at its par value, and without regard to the amount so invested in real estate. The city board of equalization refused to correct such assessment, and taxes were levied and extended upon the stock as assessed. The bank paid the taxes, which, as it claims, were legally assessed upon said stock, and brought this action to restrain the collection of the remainder. We thing the demurrer to the complaint was properly sustained, not on the ground that the facts stated do not show the assessment to have been illegally made, but on the ground that they do not show any cause of action in favor of the appellant company. The tax was assessed, not against it, but against the individual stockholders. Each stockholder had the right to decide for himself whether he would pay the tax or resist it. The law neither required nor authorized the bank to pay the taxes of its individual stockholders upon this or any other property which might be assessed against them. It was a matter personal to each stockholder, and there is nothing in the complaint or in the law itself showing or giving to the company, as an independent organization, the right to decide or act for them individually or collectively. The wrong was against the stockholders severally, and not against the independent incorporated company, and it cannot maintain an action upon a grievance in which it has no corporate interest. This exact question was so decided in Bank v. McKenna, 32 Minn. 468, 21 N. W. 556. Appellant cites Cummings v. Bank, 101 U. S. 153, as teaching a contrary doctrine, but that case was decided under the statute of Ohio, which expressly authorized the bank itself to pay the tax on

the shares of its stockholders, and to deduct the same from any dividends or other funds of such stockholders in his hands, or afterwards coming into its possession. It was upon this very statutory provision that the court justified its ruling. The opinion says: "But the Ohio statute, by the remedies it provides, places the bank in a position where it must pay the tax, or encounter other evils of a character which creates a right to avoid them by instituting legal proceedings to ascertain the extent of its responsibility, before it does the acts demanded by the statute." There is no provision in our statute which authorizes or would justify the appellant company in paying this tax assessed against its individual stockholders. In that respect it is essentially a third party, and as to paying or resisting such tax is charged with no duty and invested with no right towards either the tax debtor or tax creditor. We think the demurrer was properly sustained, and the order of the circuit court is affirmed.