NORTHWESTERN LOAN & BANKING CO. v. MUGGLI, Treasurer.

1. The shares of stock of an incorporated banking association being, as provided by Chapter 14, Laws 1891, assessed against the individual owners thereof, and the tax extended thereon being against and payable by such individual shareholders, and not by the bank, such bank cannot, in its own name, and for itself, maintain an action to restrain the collection of such tax from the individual stock owners,

2. Such action cannot be maintained by the bank on the ground of avoidance of a multiplicity of suits, upon a complaint which does not show facts which would or might expose the bank to such suits.

(Syllabus by the Court. Opinion filed Dec. 31, 1895.)

Appeal from circuit court, Lake county. Hon. JOSEPH W. JONES, Judge.

This case was first decided by this court in an opinion reported in 7 S. D. 527, 64 N. W. 1122, in which opinion the judgment of the court below in favor of defendant was affirmed. Appellant asks for a rehearing. In this opinion a rehearing is denied.

*J. H. Williamson* and *Bailey & Voorhees,* for appellant.

*Oscar O. Murray,* State's Attorney for Lake County, for respondent.

KELLAM, J. Appellant asks for a rehearing of this case, the opinion in which is reported in 64 N. W. 1122, 7 S D. 527, on the ground that the decision made is against the weight of authority. The question upon which the case turns is whether, under the laws of this state providing for the assessment of the shares of stock of a banking corporation against the individual stockholders owning the same, and upon the facts in this case, an action can be maintained by the bank itself to restrain the collection of taxes thus assessed against its individual stockholders, on the ground that such assessment was illegally made. The facts relied upon to show such illegality are sufficiently stated in the former opinion. We held that the bank, as an independent corporate person, had no interest in the question to be litigated; it was neither required nor authorized to pay the taxes of its stockholders; that it sustained no such relation to the tax, its legality or illegality, as under the general provisions of our law, requiring actions to be brought in the name of the real party in interest, would entitle it to take the matter out of the hands of the individual tax debtors, and litigate the controversy in its own name. The ground upon which the right of the bank itself to maintain the action is claimed is the avoidance of a multiplicity of suits. The first case cited by appellants as teaching a doctrine contrary to our opinion is Cummins v. Bank, 101 U. S. 153, noticed in our opinion. This case cited and followed First Natl. Bank v. Kentucky, 9 Wall. 353—a case coming from Kentucky. The statute of that state expressly required the cashier of the bank, on the first day of July of each year, to pay into the treasury the amount of the taxes so assessed and due, under a severe penalty for nonpayment. The Cummings Case was from Ohio. While the statute of that state did not require the bank to pay such taxes it authorized it to do so. The opinion says: ''If it pays it may be subjected to a separate suit by each shareholder. If it refuses, it must either withhold dividends, and subject itself to litigation by doing so, or refuse to obey the laws and subject itself to suit by

the state." Then came Bank v. Wells, 18 Blatchf. 478, 5 Fed. 248, and Bank v. Maher, 19 Blatchf. 175, 6 Fed. 417; Judge WALLACE deciding both cases, and following, as he says, the Cummings Case, on the theory that the New York law, while not requiring the bank to pay such taxes "by necessary implication it authorizes the bank to do so." The Cummings Case arising, as noticed, under the laws of Ohio, was followed in Hills v. Bank, 105 U. S. 319, in a case under the New York law, but the provisions of the law are not referred to; and again, in Bank v. Britton, 8 Fed. 867, a case from Indiana, whose statute expressly makes it the duty of the bank to pay such taxes, and in Bank v. Parker, 41 Fed. 402, under the statutes of Louisiana, which also required the bank itself to pay the taxes so assessed against its stockholders. To what extent the express authorization of the bank to pay these taxes assessed against its stockholders ought to affect its right to maintain an action like this, it is not necessary to discuss; for we can find in our law no authority, either express or implied, which empowers the bank to pay these taxes of its stockholders, any more than to pay other of their debts or obligations. Nothing is required of the bank but to hold back dividends due a stockholder, until he shall have paid his taxes on such stock. In this case it does not appear that there were any dividends, so that the bank was required to do no act in respect to this tax that could possibly affect the stockholders, nor could the stockholders do or refuse to do any act in respect thereto that would affect the bank. Under such circumstances, the bank is a volunteer in a controversy in which it has no interest.

The avoidance of a multiplicity of suits is a reason for interference by a court of equity, but it will never so interfere in behalf of a party who is obviously in no danger of being sued. It is not alleged that any stockholder—much less, any number of them—has sued, or is about to, or has threatened to sue the bank, on account of anything it has or may lawfully do in the premises; and it is not easy to see what it can do to expose it-

self to litigation at the hands of its shareholders, except to voluntarily and without authority pay these taxes. If it has no dividends to withhold from stockholders, we are unable to see how it could incur any liability to be sued. Considered simply as an action to have this assessment declared illegal, and the collection of these taxes against the individual stockholders, as tax debtors, restrained, the bank, as an independent organization, has no interest in it. Its right to maintain the action rests solely upon the ground of protection to itself from subsequent suits of stockholders for withholding from them dividends, when it is not shown that any do or will probably ever exist, and when it is affirmatively shown that the bank has no surplus. The prevention of a multiplicity of suits is not, considered by itself alone, and independent source or ground of jurisdiction, in such a sense that it can create a cause of action where none at all otherwise existed. There is nothing in the facts, as disclosed by the complaint, which shows that the bank is in any danger of a multiplicity of suits, or of any suit at all. If the object of this action is to get rid of this tax, what is to hinder any of the stockholders, for himself and others, bringing the action? If, on the other hand, only a part of the stockholders desire to resist it, it would be manifestly unfair to them to allow the bank to maintain a contest, the expense of which must be borne alike by the willing and the unwilling. A rehearing is denied.