## MACOMB v. LAKE COUNTY *et al.*

Where the entire capital stock of a bank is taken as a basis of valuation of a stockholder's shares, for purposes of taxation, without deducting the amount legally invested in real estate, as provided by Laws 1891, Chap. 14, Sec. 24, the stockholder, after paying all that could be lawfully assessed against his shares, may sue in equity to restrain collection of the tax, which, being regular on its face, creates an apparent lien on his land.

(Opinion filed March 17, 1897.)

Appeal from circuit court, Lake county. Hon. JOSEPH W. JONES, Judge.

Action to restrain the county treasurer from collecting certain personal taxes. A demurrer to the complaint was sustained, and plaintiff appeals. Reversed.

The facts are stated in the opinion.

*J. H. Williamson* and *Aikens, Bailey & Voorhees*, for appellant.

There is ground for equitable interference if under the law no remedy can be had to recover back taxes paid. Cooley on Taxation (2nd Ed.) p. 773. And such taxes cannot be recovered back from the state. See Bank v. County of Douglass, 3 3 Dillon 298; Avant v. Flynn, 2 S. D. 153; Farrington v. N. P. Inv. Co., 1·N. D. 102. As to the right of courts to take equitable jurisdiction in the matter of enjoining the collection of taxes, see Drake v. Phillips, 40 Ill. 388; Foote v. Milwaukee, 18 Wis. 369; Railroad v. LaFayette, 22 Ind. 262; Commissioners v. Markle, 46 Ind. 96; Knight v. Flatrock, etc., Co., 45 Ind. 134; Shumaker v. Grant Co., 36 Ind. 175; Riley v. W. U. Tel. Co., 47 Ind. 511; Spencer v. Wheaton, 14 Iowa 38; McConkey v. Smith, 73 Ill. 313; Lebanon v. Railroad, 77 Ill. 539; Bank v. Cook, 77 Ill. 622; Binkert v. Jansen, 94 Ill. 283; Cooley Taxation 772, *et seq.*

*Oscar O. Murray*, for respondents.

In no case will the collection of a tax be enjoined where it is not shown that the injury resulting from its enforcement would be irreparable, and this fact must appear in the complaint by issuable averments. Frost v. Flick, 1 Dak. 132; High on Inj., § 362; Ritter v. Patch, 12 Cal. 298; Taylor v. Secor, 92 U. S. 575. In the cases where equity has interfered, in the absence of these circumstances, it will be found upon examination that the question of jurisdiction was not raised, or was waived. Dows v. Chicago, 78 U. S. 108; Bank v. Utica, 4 Paige 399; Utica Mfg. Co. v. Supervisors, 1 Barb. Ch. 432.

FULLER, J. To the complaint in this action, instituted to restrain the collection of personal taxes, assessed at par value against plaintiff on account of certain shares of stock which he owns in the Northwestern Loan & Banking Company, and to obtain a decree adjudging the same to be illegal and void, defendants interposed a demurrer, on the ground that the complaint does not state facts sufficient to constitute a cause of action, and this appeal is by plaintiff from an order sustaining the demurrer.

The essential facts pleaded are: That the Northwestern Loan & Banking Company is incorporated under the laws of this state, and doing a general banking and loaning business at the city of Madison. Prior to and at the time of the assessment complained of, and on the 1st day of May of that year, over 96 per cent of the entire capital stock of the corporation was legally invested in real estate, and the company was without surplus or reserve fund, as shown by a duly authenticated and sworn statement of the accounting officer thereof, furnished to the assessor, in conformity with Sec. 24, Chap. 14, Laws 1891, which provides that all persons holding bank stock shall be assessed according to the value thereof, to be ascertained by deducting, from the aggregate amount of capital stock and surplus fund, all amounts legally invested in real estate which muct be assessed and taxed, "and the remainder shall be taken as a basis for the valuation of such shares of stock in the hands of stockholders, subject to the provision of law requiring all property to be assessed at its full and true value." After making the deduction, as above indicated, for the purpose of an assessment, the taxable value of each share of stock in the Northwestern Loan & Banking Company, including plaintiff's, would be $3.44 7-10; and notwithstanding the total amount that could be levied thereon upon that basis was by the plaintiff paid to the defendant company, together with accrued interest, and the collectible penalty and costs, prior to the commencement of this suit, the defendant treasurer refused to release his levy upon such shares in said corporation, and is about to advertise and sell the same for taxes assessed at the par value thereof, and, unless restrained, will proceed so to do. "That said tax so levied, as aforesaid, constitutes a lien and a cloud upon the title of plaintiff to all real estate owned by plaintiff in the said Lake county, S. D., and constitutes an alleged lien upon the said shares of stock of plaintiff in the said Northwestern Loan & Banking Company, and upon all dividends thereon; and that unless restrained by

the order of this court from making the sale of said shares of stock, as aforesaid, there will be inflicted upon plaintiff irreparable injury. * * * That, as plaintiff is informed and believes, the defendant the Northwestern Loan & Banking Company will, unless restrained by order of this court, pay said taxes so assessed and levied, as aforesaid, upon plaintiff, on account of the stock of the said Northwestern Loan & Banking Company owned by plaintiff, as aforesaid, and deduct the amount of such payment from any dividend which may be declared upon said stock; and that to recover the moneys so paid plaintiff will be forced to enter into an expensive and tedious litigation with said Northwestern Loan & Banking Company." It also appears that the city and county boards of equalization, upon application duly made, refused to correct the assessment upon the shares of stock at par value, irrespective of the amount legally invested in real estate, and said taxes were extended and collection thereof sought to be enforced against the individual shareholders, including plaintiff, by a tax sale of said stock in the manner provided by law. The complaint concludes with a prayer that said tax be adjudged to be illegal and void; that the defendant treasurer be ordered to cancel the same on the records of his office, and deliver to plaintiff a receipt in full for all taxes upon said property for the year 1892, and be forever restrained from selling or attempting to sell any of plaintiff's shares of stock in satisfaction thereof; and that the defendant the Northwestern Loan & Banking Company be forever restrained and enjoined from paying any portion of said tax.

Sec. 26 of Chap. 14, *supra*, makes it the express duty of the bank or its managing officer to retain a sufficient amount out of dividends, if any be due to stockholders, to secure the payment of taxes levied upon their shares, and, upon failure so to do, said bank or officer becomes liable therefor to the municipality and, moreover, such stock may be sold in satisfaction thereof in the manner provided for a sale of other personal property

for delinquent taxes. The theory upon which counsel for respondents seek to justify the ruling of the trial court in sustaining the demurrer is that a court of equity will not afford relief by injunction to prevent the collection of an unauthorized personal tax by a sale of the property upon which the assessment was made; that appellant has a plain, speedy and adequate remedy at law, and, as it is not alleged that he is the owner of any real estate in Lake county, facts sufficient to constitute a cause of action are not stated. As appellant has paid all taxes that could be legally assessed upon his shares of stock the cause of action alleged is not distinguishable upon principle from a case of double taxation, and his right to an adequate remedy is unquestionable. When the taxing power has been exercised with apparent authority, but in fact illegally, the rule which enables a party whose rights are endangered, and whose title is threatened, to resort to a court of equity, where every question may be determined without further litigation, appeals to reason and is entirely consistent with our system of practice. Dakota Loan & Trust Co. v. County of Codington (S. D.) 68 N. W. 314. To prevent double taxation, and meet the constitutional requirement that all taxes on real and personal property shall be equal and uniform according to its value in money the legislature created a statutory scheme of appraisement consistent with our revenue system, by which appellant appears to be entitled to a pro rata deduction of an amount equal to that legally invested in real estate, without reference to the county within which the same is situated. Upon the face of the proceedings, which are regular as to form, the tax appears to be a legal charge, constituting a lien upon land, under Sec. 96, Chap. 14, Laws 1891, sufficient to create a threatening cloud upon appellant's title, by making a material defect therein, apparent from an inspection of the record. By Sec. 1643 of the Comp. Laws, as amended by Chap. 160, Laws 1893, the legislature of this state recognizes a court of equity, in a proper case, as the forum in which to prevent the enforcement of an

illegal tax; and, according to the principles and practice which prevail in such courts, remedy is afforded to remove a cloud thus thrown upon real estate by which the market value thereof is substantially diminished and irreparable injury occasioned.

A public sale to numerous purchasers of shares in a corporation for illegal personal taxes, levied thereon for the maintenance of the several departments of a state government, and constituting a lien upon real property, suggests a multiplicity of actions and irreparable injury, to avoid which the aid of a court of equity may be invoked. Frost v. Flick, 1 Dak. 131, 46 N. W. 508; Loan Soc. v. Austin, 46 Cal. 415; First Nat. Bank of Omaha v. Douglas County, 3 Dill. 298, Fed. Cas. No. 4,809; Farrington v. Investment Co., 1 N. D. 102, 45 N. W. 191. The jurisdiction of these courts should not be arbitrarily limited, and when facts are alleged which bring a cause fairly within some recognized rule of equitable jurisprudence, where all questions raised may be adjudicated, the action should be entertained and disposed of upon its merits. Though confident that courts of equity are exceedingly cautious when called upon to interfere with the collection of the public revenue, we are disposed to regard the facts stated in the complaint before us sufficient to constitute a cause of action within the equitable jurisdiction of the trial court. The order appealed from is therefore reversed, and the case is remanded for further proceedings not inconsistent herewith.