## MACOMB V. LAKE COUNTY *et al.*

1. Comp. Laws, § 5191, subd. 3, provides that costs shall be allowed to plaintiff, as of course, on recovery in actions in which a justice of the peace has no jurisdiction. Section 5192 authorizes costs, in the court's discretion, in actions other than those specified in Section 5191. *Held*, that as Section 5191, subd. 3, applied only to legal actions, a plaintiff recovering in an injunction proceeding was not entitled to costs as of course, it being an equitable proceeding.

2. Under Comp. Laws, § 5192, allowing costs in excess of actual disbursements, in the discretion of the court, there was no abuse of discretion in refusing to allow a plaintiff costs in excess of his actual disbursements, where plaintiff had recovered in an injunction proceeding covering a period of five years, and defendant had been compelled to expend a large amount of costs in defense.

(Opinion filed April 3, 1900.

Appeal from circuit court, Lake county. Hon. J. W.
JONES, Judge.

Injunction by William Stanton Macomb against Lake
county and others to restrain the selling of property for taxes.
Judgment for plaintiff. From an order refusing plaintiff costs
in addition to actual disbursements, he appeals. Affirmed.

*J. H. Williamson* and *Bailey & Voorhees,* for appellant.

*Charles J. Porter* and *George R. Farmer,* for respondents.

CORSON, J. This is an action by the plaintiff, who was
the owner of one share of the capital stock of the Northwestern
Loan & Banking Company, to restrain the defendant, the
treasurer of Lake county, from selling the same for the pay-
ment of a tax levied thereon by the city of Madison for the
year 1892. The findings and judgment were in favor of the
plaintiff; requiring the treasurer to accept the amount tender-
ed, and restraining him from selling the said stock. The court
in its fourth conclusion of law, states "that the plaintiff is not
entitled to recover costs against the defendants, or either of
them, in this action, except only his actual disbursements, ac-
cording to Section 5189, Comp. Laws;" and in its judgment is
the following provision: "It is further ordered, adjudged, and
decreed that the plaintiff shall not recover costs against the
defendants, or either of them, in this action, excepting only
his actual disbursements, to be taxed by the clerk in accordance
with Section 379 of the Code of Civil Procedure" (Section 5189
Comp. Laws). From this portion of the judgment the plaintiff
has appealed to this court.

The contention of the appellant is stated in the brief of his counsel as follows: "By Section 5191, Comp. Laws, it is provided that the costs shall be allowed as of course to the plaintiff, upon a recovery, 'in the following cases:   *   *   * (3) In the actions in which a court of justice of the peace has no jurisdiction.   *   *   *'   By Section 5192, *Id.*, it is provided that 'in actions other than those specified in Section 5191, costs may be allowed or not, in the discretion of the court.' Our contention is that, under these statutory provisions, costs must be allowed as of course in all actions other than those in which the court of a justice of the peace would have jurisdiction. This is the express declaration of the statute; for by Section 5191 it is expressly declared that all costs shall be awarded as of course in actions in which a court of a justice of the peace has no jurisdiction, while in Section 5192 the cases in which it is discretionary with the court to allow costs are expressly confined to those which are not specified in Section 5191. This action was an action for injunction, and, as such, was clearly not within the jurisdiction of a justice of the peace. Consequently it fell within the provisions of Section 5191 and the court erred in refusing to allow costs." It is contended on the part of respondents that the third subdivision of Section 5191 applies only to actions at law, and that the case at bar, being an action in equity, is to be governed by Section 5192, which provides as follows: "In actions other than those specified in Section 5191, costs may be allowed or not, in the discretion of the court.   *   *   *" They further contend that the territorial legislature of 1883 amended certain sections of the Code of Civil Procedure of 1877 by adopting the provisions of Sections 304, 305 and 306 of the old Code of Civil Procedure

of the State of New York (Wait's Ann. Code,) and that the courts of that state had, prior to the adoption of those sections by our territorial legislature, given them the construction now claimed by the respondents. The question, therefore, to be determined is whether the costs in this case are to be governed by the provisions of Section 5191, subd. 3, or by the provisions of Section 5192, making the allowance of the costs discretionary on the part of the court.

Prior to 1883 there were no provisions in our statutes for the recovery of costs, other than disbursements made in the action. The courts of New York seem to have held that subdivision 3, referred to, applied only to actions at law, and did not include equitable actions, and that the provisions of the section corresponding with Section 5192 were applicable only to equity cases. Pratt v. Ramsdell, 16 How. Prac. 59; Hinds v. Myers, 4 How. Prac. 356; Barker v. White, 5 Abb. Prac. (N. S.) 124: Herrington v. Robertson, 71 N. Y. 280; Riper v. Poppenhausen, 43 N. Y. 68. We think it is clear, from an examination of Section 5191, that that section was only intended to apply to actions at law. If we construe subdivision 3, § 5191, as applying to equity actions, it is difficult to understand what actions are intended by the expression "actions other than those specified in Section 5191," found in Section 5192. In Pyle v. Hand Co., 1 S. D. 385, 47 N. W. 401, this court held that. that being an action in which the justice's court had no jurisdiction, it was properly brought in the circuit court, and the plaintiff was entitled to his costs as matter of course, although he recovered a judgment for less than $50. There are doubtless many other cases not mentioned in that section in which, owing to the peculiarity of the action, a

justice's court has not jurisdiction, and in which the plaintiff would be entitled to his costs, notwithstanding he might recover judgment for less than $50. That subdivision was evidently intended to apply to that class of cases, though not specifically mentioned in the section. We are therefore of the opinion that the construction given to those sections by the courts of New York is not only warranted by the language of the sections themselves, but carries into effect the evident intention of the legislature. It may be said, in passing, that by Section 303 of the Code of Civil Procedure of that state, all prior statutes establishing or regulating the costs or fees of attorneys, solicitors, and counsel in civil actions were repealed, and the sections we have referred to were enacted to take their place.

Counsel for appellant contend that the decisions of the courts of the State New York in construing those sections ought not to be followed by this court, for the reason that in that state, prior to the adoption of the Code of Civil Procedure, there was a separate court of chancery, and that in this state there has never been a separate court exercising chancery jurisdiction. But in the Code of the State of New York it is declared, "The distinctions between actions at law and suits in equity and the forms of all such actions and suits, heretofore existing, are abolished" (Code Civ. Proc. § 3339,) and there should be in that state, thereafter, but one form of action for the enforcement or protection of private rights and the redress of private wrongs, which should be denominated a "civil action." This is the language of Section 4830 of our own Code of Civil Procedure. It has been frequently held by the courts of the State of New York, as well as by our own courts, that, while the forms of actions are abolished, the underlying prin-

ciples governing actions in courts of equity and courts of law still remain. It would seem, therefore, that the contention of counsel for appellant, that the distinction sought to be drawn between the decisions made in that state and the decision which should be made in this state upon the construction of the sec tions of the statute in controversy, is not tenable. We are of the opinion, therefore, that the circuit court committed no error in holding that the plantiff was not entitled to costs as a matter of right.

Appellant further contends that, if the construction placed upon Section 5192 by the court is correct, then there was an abuse of discretion on its part in holding that the plaintiff is not entitled to costs in addition to his disbursements, in view of all the circumstances connected with the case. It is true, as stated by counsel, that there has been a protracted litigation between plaintiff and defendants over the tax levied upon the stock of the plaintiff. An action was first commenced by the bank, and on appeal to this court it was held that the banking company had no such interest as would entitle it to restrain the officers from enforcing the law. Banking Co. v. Muggii, 7 S. D. 527, 64 N. W. 1122; *Id.*, 8 S. D. 160, 65 N. W. 442. Plaintiff then brought an action in his own name, and on appeal to this court the order of the circuit court sustaining a demurrer to the complaint was reversed. Macomb v. Lake Co., 9 S. D. 466, 70 N. W. 652. But, on the other hand, the amount involved in this action was very small, and the county has evidently been compelled to pay a large amount of costs in its defense. We are of the opinion, therefore, that the court below did not abuse its discretion in holding that, under all the circumstances, the plaintiff was not entitled to costs in excess of his disbursements. The judgment of the circuit court is affirmed.