FIRST NATIONAL BANK OF WATERTOWN, Respondent,
v. EDDY, County Treasurer, Appellant.

(197 N. W. 290.)

(File No. 5370.   Opinion filed February 25, 1924.)

1. **Appeal and Error—Pleading—Demurrer—Parties — Capacity of Plaintiff to Sue Held Not Before Court.**

   On appeal from an order overruling a demurrer to a complaint based solely on the sixth ground of Rev. Code 1919, Sec. 2348, namely, the insufficiency of the facts to constitute a cause of action, the capacity of plaintiff to sue and its right to bring the action are not before the court.

2. **Taxation—Banks—Pleading—Demurrer—Complaint Held to State Cause of Action for Recovery of Tax Discriminatory as Against National Bank.**

   Allegations of a complaint in an action under Rev. Code 1919, Sec. 6826, to recover a portion of taxes paid on the capital stock of a national bank, held sufficient to state a cause of action based on an unlawful discrimination, in violation of Rev. St. U. S., Sec. 5219 (U. S. Comp. St., Sec. 9784), prohibiting taxation of the shares of national banks "at a greater rate than is assessed upon other moneyed capital in the hands of individual citizens."

Appeal from Circuit Court, Codington County; Hon. W. N. Skinner, Judge.

Action by the First National Bank of Watertown, a corporation, against R. L. Eddy, County Treasurer of Codington County. From an order overruling his demurrer to the complaint, defendant appeals.   Affirmed.

*Buell F. Jones,* Attorney General, *E. D. Roberts,* Assistant Attorney General, and *Vern G. Wohlheter,* State's Attorney, of Watertown, for Appellant.

*R. A. Dunham,* of Clark, and *McFarland & Kremer,* of Watertown, for Respondent.

(2)   To point two of the opinion, Appellant cited:  Northwestern Loan & Banking Co. v. Muggli, 7 S. D. 527, 65 N. W. 1122; 8 S. D. 160, 64 N. W. 442; Sioux Falls National Bank v. Swenson, 48 Fed. 621; Dakota National Bank v. Swenson, 48 Fed. 626; Peoples National Bank v. Marye et al, 107 Fed. 570, 191 U. S. 272, 48 L. ed. 180.

Respondent cited:  Carlson v. Curtiss, 34 U. S. 103, 34 Sup.

Ct. 717, 58 L. ed. 1237; Eddy, Treasurer, v. First National Bank of Fargo, 275 Fed. 550.

GATES, J.   This is an appeal by the defendant county treasurer from an order overruling his demurrer to the complaint. The demurrer was based solely on the sixth ground of section 2348, Rev. Code 1919, viz: 'That the complaint did not state facts sufficient to constitute a cause of action.

Shortly stated, the facts alleged in the complaint are that the general tax for the year 1921 against the shareholders of respondent bank was levied and entered on the county tax books against respondent; that such tax was paid by it under protest and that it was discriminatory as compared with the tax on other moneyed capital in the hands of individuals and thus in violation of section 5219, R. S. U. S. (U. S. Comp. St. § 9784). The concrete point is that the shareholders are taxed at the same rate as real and personal property in general, which in this instance exceeds 44 mills on the dollar, while by reason of the Moneys and Credits Tax Act (chapter 109, Laws 1919) other moneyed capital in the hands of individuals is only taxed at 3 mills on the dollar. This action was begun under the provisions of section 6826, Rev. Code 1919, to recover the amount of such payment in excess of the 3-mill rate.

[1]   The greater portion of appellant's brief is taken up with the question of the right of respondent to maintain this action. Appellant relies upon N. W. Loan & Banking Co. v. Muggli, 7 S. D. 527, 64 N. W. 1122; Id., 8 S. D. 160, 65 N. W. 442. In that case the tax was not assessed to the bank, but to the stockholders, and the demurrer included other grounds, viz., the second ground under the statute. If in the present case the demurrer had been based upon the second ground of said section 2348, viz., want of capacity in plaintiff to sue, then the right of plaintiff to bring this action would be a question confronting us. The capacity of the plaintiff to sue is independent of the facts constituting the cause of action; therefore that question cannot be raised by a demurrer under the sixth ground of the statute. Viburt v. Frost, 3 Abb. Prac. (N. Y). 120; Myers v. Machado, 6 Abb. Prac. (N. Y.) 198; Hobart v. Frost, 12 N. Y. Super. Ct. 672; Bank of Lowville v. Edwards, 11 How. Prac. (N. Y.) 216.

[2]   The remaining portion of appellant's brief is devoted to the point that the allegations of discrimination are insufficient; that mere conclusions are stated and that it does not appear that any material amount of moneys and credits of individuals comes into competition with moneys of plaintiff in the loan market. Our attention is particularly called to the next to the last paragraph of the opinion in First Nat. Bank v. Anderson (Iowa), 192 N. W. 6. But in an earlier paragraph in that opinion the court said:

"It is not calimed that section 1310 of the statutes is invalid, or that ample provision is not made thereby for the assessment of 'other moneyed capital' in the hands of individuals or other owners at the same rate as national and state banks are taxed, when invested in competition therewith."

It is difficult to make a satisfactory resume of the allegations of the complaint in the present case upon the question of discrimination, and we think a clearer understanding will be had by quoting from the compalint rather than by evolving a condensed statement. After alleging the amount of the capital, surplus, and undivided profits of the bank, and the amount invested in real estate, the complaint states:

"IX.   That on the first day of May, 1921, there was within the said city of Watertown, and also within the county of Codington, and within the state of South Dakota, subject to taxation a large amount of money consisting of gold and silver coin, United States treasury notes, national bank and Federal Reserve Bank notes, and other forms of money and funds deposited by residents of said city of Watertown, of said county of Codington, and of the state of South Dakota, in various banks and banking companies payable on demand to such depositors resident in said city, county and state, or to their order, and a large amount of credits as defined in section 6666 of the Revised Code of the state of South Dakota, and by chapter 109 of the Session Laws of 1919 of the state of South Dakota, consisting of claims and demands for money receivable at stated periods due or to become due, and claims and demands secured by deeds or mortgages due or to become due, all of said credits owned by residents of the said city of Watertown, county of Codington and state of South Dakota, and taxable therein, the aggregate value of which said moneys and credits, so owned by residents of said city of Water-

town and taxable therein, as ascertained and fixed by the proper officers and official bodies charged with the duty of assessing the same for taxation was $2,090,090, and the aggregate value of which said moneys and credits so owned by residents of said county of Codington and taxable therein as so ascertained and fixed was $2,887,053, and the aggregate value of which said moneys and credits, so owned by residents of said state of South Dakota and taxable therein, as so ascertained and fixed, was $79,747,567, and such moneys and credits so assessed, as aforesaid, did not include moneys and credits belonging to incorporated banks, or indebtedness on which a tax was payable under any mortgage registration act, or any property exempt from taxation by state or federal law.

"X. That under and by virtue of an act of the legislative assembly of the state of South Dakota approved March 5, 1919, and known as chapter 109 of the Session Laws of 1919 of the state of South Dakota, all of the above-named moneys and credits, comprised in said aggregate valuations respectively in said city, county and state, were exempted from all taxation other than a tax of three mills per dollar of assessed value, which tax is apportionable one-fourth to the state of South Dakota, one-fourth to the county and one-half to the school district in which the said property was assessed and taxed as aforesaid.

"XI. That of said moneys and credits in the city of Watertown so taxed at only three mills per dollar of valuation at least $1,567,568 thereof according to the assessed value thereof, was moneyed capital in the hands of individual citizens of said city which was throughout the year 1921 employed and used in like manner and in direct competition with the capital, surplus, and undivided profits, less real estate, of this plaintiff and other national banks in the state of South Dakota, and that of said moneys and credits in the county of Codington so taxed at only three mills per dollar of valuation at least $2,165,298 thereof according to the assessed value thereof, was moneyed capital in the hands of individual citizens of said county which was throughout the year 1921 employed and used in like manner and in direct competition with the capital, surplus, and undivided profits, less real estate, of this plaintiff and other national banks in the state of South Dakota, and that of said moneys and credits in the state

of South Dakota so taxed at only three mills per dollar of valuation at least $59,810,674 thereof according to the assessed valuation thereof was moneyed capital in the hands of individual citizens of said state, which was throughout the year 1921 employed and used in like manner and in direct competition with the capital, surplus, and undivided profits, less real estate of this plaintiff and other national banks in the state of South Dakota. All of said moneyed capital so in the hands of said individual citizens of said city and of said county and of said state, and so taxed at only three mills per dollar, consisted of money on hand and moneyed capital employed for investment, loan, discount, and otherwise from time to time, reducing it again to money and similarly reinvesting it, and for investments in loans and securities, either of permanent or temporary character, with a view to sale or repayment and reinvestment, and none of which moneyed capital consisted of indebtedness which was subject to any mortgage registry tax, or of investments in United States government bonds or obligations or bonds or obligations of any other character exempted by law from taxation. And the aggregate taxes for all purposes in the year 1921 as aforesaid levied on said moneyed capital and payable by the owners thereof on account of said moneyed capital in this paragraph mentioned and described were taxes computed at said rate of three mills per dollar of the assessed value thereof.

"XII. That as a result of the unfair and unlawful discrimination made by the statutes of the state of South Dakota in favor of other taxable moneyed capital in the hands of individual citizens as against like moneyed capital invested in plaintiff's bank and its shares of stock and represented by its capital stock, surplus, and undivided profits, less real estate, similarly employed, the $2,000,000 or more of taxable moneyed capital in the hands of individual citizens of the city of Watertown used in competition with the moneyed capital represented by the shares of plaintiff and other national banks (less real estate) was in the year 1921 taxed for all purposes in the aggregate sum of only $6,270.27, and the $2,887,000 or more of taxable moneyed capital in the hands of individual citizens of the county of Codington as used in competition with the moneyed capital represented by the shares of plaintiff and other national banks (less real estate) was in the

year 1921 taxed for all purposes in the aggregate sum of $8,-661.16, and the $79,000,000 or more of taxable moneyed capital in the hands of individual citizens of the state of South Dakota so used in competition with the moneyed capital of plaintiff and other national banks (less real estate) was in the year 1921 taxed for all purposes in the aggregate sum of only $239,242.70; while the $145,138 of banking capital of plaintiff and its stockholders was in the same year in the same city, county and state taxed to the extent of $6,415.11 and other national bank capital and stock within the said [city, county and] state was taxed proportionately and so unfairly discriminated against.

"XIII. That by reason of the facts aforesaid plaintiff alleges that under and by virtue of the laws of the United States of America and especially the provisions of section 5219 of the Revised Statutes of the United States (which provides among other things that the taxation of shares of national banking associations located within this state shall not be at a greater rate than is assessed upon other moneyed capital in the hands of individual citizens of such state), and under and by virtue of the provisions of the Constitution of the United States of America and the Constitution of the state of South Dakota no greater rate of taxation for the year 1921 or any other or subsequent years could be justly imposed upon the assessed value of the shares of plaintiff or upon the capital stock, surplus, and undivided profits, less real estate, of plaintiff than three mills per dollar, the rate at which other taxable moneyed capital was taxed in said year or years in said state in the hands of individual citizens thereof as aforesaid, and that any other or greater tax than at the rate of three mills per dollar so taxed against the said shares and stock of plaintiff (less real estate) was wrongfully taxed, levied and assessed and wrongfully collected by defendant herein, and plaintiff was wrongfully required to pay the same; that discrimination is and was made by such taxation of plaintiff's shares and stock between the same classes of property and such tax is unconstitutional and void.

"XIV. That there is no other of different method or rate of taxation provided by the laws of the state of South Dakota for the taxing of the stock and capital of plaintiff for the year 1921, or other subsequent year, than the method and rate hereinbefore mentioned, and the said chapter 109 of the Session Laws of 1919 of

the state of South Dakota specifically excludes the shares and stock of banking corporations and of this plaintiff from the operation of said act and from being taxed at the rate of three mills per dollar of valuation."

There has been a multitude of decisions of the federal Supreme Court and other courts construing the prohibition in section 5219, R. S. U. S. (U. S. Comp. St. § 9784), against taxing the shares of national banks "at a greater rate than is assessed upon other moneyed capital in the hands of individual citizens of such state." We content ourselves with citing two: Merch. Nat. Bank v. City Bank of Richmond, 256 U. S. 635, 41 Sup. Ct. 619, 65 L. ed. 1135, and Eddy v. First National Bank (C. C. A. 8th Circuit), 275 Fed. 550. After much reflection and consideration of those and many other cases, we are of the opinion that the complaint does state a cause of action based upon an unlawful discrimination against the requirements of the above-mentioned federal statute.

The order overruling the demurrer to the complaint will be affirmed.

Note.—Reported in 197 N. W. 290. See, Headnote, American Key-Numbered Digest, (1) Appeal and error, Key-No. 863, 3 C. J. Sec. 718; (2) Taxation, Key-No. 543(6), 37 Cyc. 1188.