FIRST NATIONAL BANK OF WATERTOWN, Respondent,
v. EDDY, County Treasurer, Appellant.

(198 N. W. 554.)

(File No. 5370.   Opinion filed April 19, 1924.)

1.  **Parties—Pleadings—Demurrer—Plaintiff's Right to Bring Action Can Be Questioned by Demurrer that Complaint Does Not State Cause of Action or that Plaintiff Lacks "Legal Capacity to Sue."**

   Right of plaintiff to bring the action can be questioned by demurrer, under Rev. Code 1919, Sec. 2348, subd. 6, on the ground "the the complaint does not state facts sufficient to constitute a cause of action"; the ground of subdivision 2, "that the plaintiff has not legal capacity to sue," relating to cases where there is some legal disability, such as infancy, lunacy, or want of title in plaintiff in the capacity which he sues.

2.  **Taxation—Actions—Banks and Banking—Bank Held to Have Right to Maintain Action to Recover Tax on Capital Stock. Assessed and Paid by It.**

   Under Rev. Code 1919, Sec. 6826, providing that "any person against whom any tax is levied or who may be required to pay it," and who pays it under protest, may commence action for its recovery, a national bank which so paid a tax on its capital stock, assessed to it, has right on either ground to maintain such an action; section 6698, as amended by Laws 1919, c. 104, making it the duty of a bank to retain dividends till the taxes on the stock are paid and making it liable for the taxes if it pays the dividends before the taxes are paid.

On petition for rehearing.   Denied.

For former opinion, see 197 N. W. 290, reported herein.

GATES, J.   A petition for rehearing has been filed, which does not challenge the correctness of our decision upon the merits. It challenges only the correctness of our ruling that the demurrer to the complaint should have been based upon subdivision 2, instead of subdivision 6, of section 2348, Rev. Code 1919, in order to question respondent's right to maintain this action.

[1]   Upon consideration of the petition for rehearing we are convinced that we erred in holding that the right of respondent to bring this action could not be questioned by a demurrer upon the sixth ground of said section, viz., "that the complaint does

not state facts sufficient to constitute a cause of action." We are convinced that the second subdivision of that section, viz., "that the plaintiff has not legal capacity to sue," relates to cases where there is some legal disability such as infancy, lunacy, or want of title in the plaintiff to the character in which he sues.

[2] We are nevertheless of the opinion that the demurrer to the complaint was rightly overruled, and that respondent had the right to maintain this action. As we pointed out in the former opinion, the case of N. W. Loan & Banking Co. v. Muggli, 7 S. D. 527, 64 N. W. 1122, and 8 S. D. 160, 65 N. W. 442, upon which appellant relies, is to be distinguished from the one before us. Here the tax was assessed to the bank, instead of to the stockholders, and was paid by the bank, and the law is not now the same as it then was. Section 6826, Rev. Code 1919, a section that was enacted in the first instance in 1915, many years after the decision in N. W. Loan & Banking Co. v. Muggli, supra, expressly recognizes the right of this respondent to bring this action. That section says:

"Any person against whom any tax is levied * * * who pays the same under protest to the treasurer * * * may * * * commence an action against such treasurer for the recovery thereof."

Under that portion of the section respondent clearly had the right to bring this action. The tax had been levied against respondent, and it had paid the tax under protest.

But there is a further clause under which such right might be justified. Where we have first used asterisks in said section it says: "Or who may be required to pay the same." By the provisions of section 6698, Rev. Code 1919, as amended by chapter 104, Laws 1919, it is made the duty of a bank to retain dividends on the stock until the taxes on the stock are paid, and if the bank shall pay the dividends before the taxes are paid the bank shall be liable for the taxes. The complaint in this case alleges:

"That at the time of the payment of said tax by this plaintiff as aforesaid there was in the hands of this plaintiff money from which a dividend upon its shares of capital stock was about to be declared and paid, or from which a dividend had been declared and was at that time, due and payable."

Surely under these circumstances respondent ought to be held entitled to pay the taxes under protest, and, having paid them, to be entitled to bring this action for their recovery. Any other view than the one at which we have arrived could only be justified under the most technical construction of the statutes. Extreme technicalities ought not to deprive one of a meritorious cause of action. The result announced in the former opinion is adhered to, and the petition for rehearing is denied.

Note.—Reported in 198 N. W. 554. See, Headnote (1), American Key-Numbered Digest, Parties, Key-No. 76(5), Pleading, 31 Cyc. 295; (2) Taxation, Key-No. 543(4), 37 Cyc. 1187.

On the question of recovery back of taxes paid on capital stock of corporation, see note in 58 L. R. A. 616.