FIRST NATIONAL BANK OF WATERTOWN, Respondent,
v. EDDY, County Treasurer, et al, Appellants.

(203 N. W. 312.)

(File Nos. 5704, 5705.   Opinion filed April 6, 1925.)

**Pleading—Trial—Demurrer—Refusal to Permit County Treasurer to
Interpose Answer Denying on Information and Belief Allega-
tions as to Tax Records Held Not Abuse of Discretion.**

> Court's refusal to permit county treasurer to interpose an-
> swer denying, on information and belief, allegations of com-
> plaint that tax records showed large amounts of moneys and
> credits taxed against individual citizens, after demurrer to com-
> plaint was overruled, held not abuse of discretion.

Appeal from Circuit Court, Codington County; Hon. W. N.
Skinner, Judge.

Action by the First National Bank of Watertown against R.
L. Eddy, County Treasurer of Codington County, and Tom C.
Murphy as his successor.   From orders denying leave to answer
after their demurrer to complaint was overruled and adjudging
defendants to be in default, defendants appeal.   Affirmed.

*Buell F. Jones,* Attorney General, *E. D. Roberts,* Assistant
Attorney General, and *Vern G. Wohlheter,* State's Attorney, of
Watertown, for Appellants.

*McFarland & Kremer,* of Watertown, *R. A. Dunham,* of
Clark, and *F. B. Stiles,* of Watertown, for Respondent.

GATES, J.   This cause was before us upon appeal from an
order overruling a demurrer to the complaint.   47 S. D. 233, 197
N. W. 290; 47 S. D. 297, 198 N. W. 554.

After the cause was remanded, the defendant sought leave to
answer by serving the same answer that had previously been in-
terposed, but which had been withdrawn for the purpose of sub-
mitting the cause upon demurrer.   The trial court denied such
leave; hence this appeal.   A separate appeal was taken from an
order adjudging defendants to be in default, etc., which was con-
solidated in this court with the above appeal.

The question now before us is whether the trial court abused
its discretion in refusing leave to answer.   While the county treas-
urer is the nominal party defendant, the county is the party chiefly
concerned.   The question in this case upon the merits is whether

plaintiff's shareholders may properly be taxed at 44 mills on the dollar of valuation of their shares, while moneyed capital in the hands of individual citizens of this state is only taxed at 3 mills on the dollar. R. S. U. S., § 5219 (U. S. Comp. St., § 9784).

The complaint alleged that the public records of the county and state showed large amounts of moneys and credits taxed against individual citizens. (See the allegations of the complaint set forth in the first above citation.) The meat of the defense in the rejected answer is a denial upon information and belief of those allegations. Codington county and its treasurer are charged with knowledge of the contents of the tax records of the county, and they may not be permitted to plead by way of answer that they do not know the facts. We think the answer did not interpose a meritorius defense, and we think the trial court did not abuse its discretion in declining to permit it to be interposed.

The orders appealed from are affirmed.

CAMPBELL, J., not sitting.