FIMAN, Appellant, v. HUGHES COUNTY, et al, Respondents.

(225 N. W. 711.)

(File No. 6658. Opinion filed March 2, 1929.)

*Fuller & Robinson,* of Pierre, and *T. M. Bailey,* of Sioux Falls, for Appellant.

MISER, C. Appellant is the receiver of the National Bank of Commerce of Pierre, S. D., which, since February, 1925, has been closed for liquidation. As such receiver, he applied for the refund of the taxes paid by the bank for the years 1920-1923, inclusive, on the shares of its capital stock. This application was rejected by the board of county commissioners, whose action was confirmed on appeal to the circuit court. Appellant claims that the tax paid was invalid for the reason that, contrary to section 5219, U. S. Rev. Stat. (12 USCA § 548), it was assessed at a greater rate than was assessable and assessed on other moneyed capital coming into competition with it. This appeal was taken after the decision by this court of Security National Bank v. Twinde, 217 N. W. 542. In that case, this court held that the refund sought was not for a reason recognized by subsections 1 and 5, § 6813, Rev. Code 1919.

In this case, appellant seeks to recover under the sanction of subsections 3 and 4 of such section. This section is in part as follows:

"If any person, *against whom an assessment has been made or a tax levied,* claims such assessment or tax or any part thereof to be invalid for any reason herein stated, * * * the board of county commissioners is authorized and empowered to abate or refund, * * * such invalid assessments or taxes * * * in the following cases only: * * *

"3. When the complainant or the property is exempt from the tax.

"4. When the complainant had no taxable interest in the property assessed against him at the time fixed by law for making the assessment."

Is appellant, or was the National Bank of Commerce, a "person against whom an assessment has been made or a tax levied" within the intendment of section 6813?

Section 6696, as amended by chapter 104, Laws of 1919, and chapter 103, Laws of 1923, is in part as follows:

"The stockholders of every bank * * * shall be assessed and taxed on the value of their shares of stock therein. * * *"

It is a stipulated fact in the case at bar that "under and by virtue of the provisions of Chapter 104 of the Session Laws of 1919 the *stockholders* of said National Bank of Commerce were assessed and taxed in the manner and upon a valuation of their respective shares of stock, as in said act specified."

It is also a stipulated fact that, in spreading the tax on the auditor's books, the names of the numerous stockholders, the number and the valuation of their respective shares, and the amount of tax assessed against each stockholder appeared under the name "National Bank of Commerce," and at the bottom of said entry the total of such valuations and of the tax appeared. Yet, under the law, the several stockholders, and not the bank itself, were assessable. N. W. Loan Co. v. Muggli, 7 S. D. 528, 64 N. W. 1122; Id., 8 S. D. 160, 65 N. W. 442. Under the stipulation, abundantly justified by the record, the stockholders were in fact assessed. Moreover, the bank officers were not only charged with the presumption of knowledge that the stockholders were assessable, but the duty imposed on the bank officers of furnishing to the assessor a list of stockholders and of the amount of stock owned by each, a duty imposed by section 6697, Rev. Code 1919, would tend to bring to such officers an actual knowledge of sections 6696-6698. In First Nat. Bank of Watertown v. Eddy, 47 S. D. 233, 197 N. W. 290, Id., 47 S. D. 297, 198 N. W. 554, a suit to recover like taxes, this court said that the bank "ought to be held entitled to pay the taxes under protest"; but those proceedings were not brought under section 6813 as herein but under section 6826, the protest and suit statute. In that case, the complaint demurred to alleged that the taxes were charged and entered on the tax lists against the Watertown bank and were an apparently valid lien on its assets, and that, at the time of payment under protest, a dividend was due and payable to its stockholders which it could not pay without violating section 6698.

In the case at bar, there was no payment under protest, warning the taxing officers of the taxpayers' claims. Here was an unconditional payment of the 1920 tax of $1,847.67, depriving the county treasurer of the right to sell stock then valued at over $70,000 to enforce the collection of the tax. Even when the 1923

tax of $1,626.36 was levied, the value of the shares, according to the bank's accounting officers, was $36,715. When, however, appellant filed his application for a refund of these taxes with the county auditor on June 4, 1927, the bank had been closed for liquidation for over two years. The record does not disclose what a sale of all the capital stock of the National Bank of Commerce would have yielded in 1927, nor is this court permitted to judicially notice the fact, yet it may be negatively asserted that the record fails to show that a sale of the stockholders' shares in 1927 would have brought enough to pay the taxes thereon, even if extended at the moneys and credits rate.

In yet another particular is this case different from the Watertown Bank Case. Here almost six years elapsed after the payment of part of the tax before application for refund was filed with the county auditor. The $8,377.93 so paid by the bank between October 31, 1921, and November 29, 1924, had presumably all been expended by respondent Hughes county and the various taxing districts to which it had been distributed. In Miner v. Clifton Township, 30 S. D. 127, 137 N. W. 585, this court quoted with approval from Gould v. Board, etc., 76 Minn. 379, 381, 79 N. W. 530, in part as follows: "It should be kept in mind that the rules which apply to actions to recover back money paid by one person to another do not apply, to their full extent, to actions to recover back from a county, town, or other municipality money in payment of taxes illegally or irregularly assessed or levied. There are certain considerations of public policy which must necessarily be taken into consideration. If a party could recover back from the public whenever there was some illegal or irregular action on the part of public officers in the assessment or levy of the tax, merely because he was ignorant of such illegality or irregularity at the time he paid the tax, the public finances would be thrown into chaos, and frequently municipalities would be reduced to utter bankruptcy."

The general rule that taxes are to be refunded only in exceptional cases and under circumstances which render the repayment equitable (Cooley, Taxation [4th Ed.] § 1276) has been given statutory expression in section 6813 thus: *"Unless otherwise expressly provided,* if any person, *against whom* an assessment has been made * * * claims such assessment * * * to be invalid for any reason *herein stated,* * * * the tax [may be] refunded

if paid \* \* \* in the following cases *only*: [Giving six conditions, under the 3rd and 4th of which appellant claims to be entitled to this refund.]"

In other words, appellant not having proceeded under section 6826, the protest and suit statute, but having proceeded under section 6813, is entitled to a refund *only* if he comes within the terms of that section. Had the Legislature intended to give to a person who had intentionally and understandingly paid another's taxes the right to obtain a refund thereof by making application under section 6813, it might easily have expressed that intention with approprite language. It has not done so.

In Security Nat. Bank v. Twinde, 217 N. W. 542, this court said of section 6813: "That section is, by its express terms, applicable only in the cases therein enumerated, and is evidently designed to include only situations where the invalidity of the tax can be ascertained from the county records or from few and easily obtained facts aliunde, while for cases in which the legality or illegality of the tax necessarily involves the determination of questions of law calling for the exercise of strictly judicial functions, payment under protest and the other provisions of the suit statute afford the exclusive remedy."

Appellant would have the board of county commissioners determine, among other things, whether property clearly not exempt by any express language of South Dakota statutes and clearly taxable by the express language of section 5219, U. S. Rev. Stat. (12 USCA § 548) is nevertheless tax exempt by reason of other federal statutes. This would involve an extension of the applicability of section 6813 far beyond its limits as defined in Security Nat. Bank v. Twinde, supra.

Appellant contends that subsections 3 and 4, § 6813, state reasons for granting the refund sought; but we do not pass on those contentions, because no brief has been filed by respondent, and the determination of those questions is not necessary in the view we take of the general applicability of section 6813.

The judgment is affirmed.

SHERWOOD, P. J., and POLLEY and BURCH, JJ., concur.

CAMPBELL, J., disqualified and not sitting.

MISER, C., sitting in lieu of BROWN, J., absent