## VOLUNTEERS OF AMERICA IN MINNESOTA v. CITY OF MINNEAPOLIS AND OTHERS.
## LONGFELLOW RESIDENTS AND PROPERTY OWNERS ORGANIZATION, INC., AND OTHERS, INTERVENORS.

154 N. W. (2d) 810.

December 8, 1967—No. 40,664.

*Desmond F. Pratt,* for appellants.

*Vennum, Newhall, Ackman & Goetz* and *John H. Strothman,* for respondent.

SHERAN, JUSTICE.

Appeal from a judgment of the district court.

Action was instituted by the Volunteers of America in Minnesota against the city of Minneapolis and certain of its officials to compel the issuance of permits authorizing the remodeling of the premises located at 2825 East Lake Street, Minneapolis, Minnesota, for use as a roominghouse. An answer was interposed by the city attorney of Minneapolis on behalf of the named defendants contesting the right of the plaintiff to the relief requested. The trial court found in plaintiff's favor; directed the issuance of the necessary permits; and ordered that judgment be entered accordingly. Judgment was entered on November 25, 1966.

. An appeal taken by the city from the determination of the trial court was dismissed by order of this court dated October 2, 1967, in conformity with a stipulation executed by the attorneys for the original parties.

Were it not for an appeal taken from the November 25th judgment by "Longfellow Residents and Property Owners Organization, Inc., a Minnesota corporation, Mrs. Gordon Olson, individually and as President of said corporation, Mr. and Mrs. Joseph Kegley, and C. F. Long, d/b/a Chix Standard Service, and all of the above interveners as representatives of a class of residents, property owners and taxpayers, Interveners," the dismissal of the appeal of the city would compel affirmance of the judgment.

The intervenors appeared in this court and argued that notwithstanding the dismissal of the appeal of the city, the judgment of the district court should be reversed because the building located on the premises involved was not designed for or used as a single-family dwelling prior to the application for the permits in question and, therefore, cannot be converted into a roominghouse without offending relevant provisions of the Minneapolis zoning ordinance.

The record before us fails to disclose any status on the part of intervenors which would entitle them to assert error on the part of the trial court on this appeal.[1] They were authorized to intervene in the proceedings by order of the district court dated July 19, 1966,[2] following which they interposed a pleading captioned "Interveners' Answer and Counterclaim." In their counterclaim they make allegations which, if liberally construed and supported by evidence at trial, might permit a finding that intervenors owned real estate proximate to that of plaintiff, the value or use of which would be adversely affected should the issuance of the permits be ordered. These allegations were put in issue by plaintiff's responsive pleading.

At trial, which commenced on September 15, 1966, appearance was made on behalf of the intervenors by counsel other than the attorney representing them in this court. However, no evidence was introduced by the intervenors in support of those allegations in their counterclaim upon which their status as parties must depend, although Mrs. Gordon Olson, called as a witness by intervenors, did testify:

"Q. Mrs. Olson, would you state your address, please?

"A. 3352—33rd Avenue South.

\* \* \* \* \*

---

[1] See Minnesota Power & Light Co. v. Carlton County, 275 Minn. 101, 145 N. W. (2d) 68, with respect to the scope of review on appeal from a judgment where no motion for a new trial has been made.

[2] Rule 24.01, Minnesota Rules of Civil Procedure, provides: "Upon timely application anyone shall be permitted to intervene in an action (1) when the applicant has such an interest in the matter in litigation that he may either gain or lose by the direct legal effect of the judgment therein whether or not he were a party to the action; \* \* \*."

"Q. And how long have you lived at your present address?

"A. We have lived there for nine years, nearly ten years.

"Q. And do you own the property that you live in?

"A. Yes, we do.

"Q. You are familiar with the lot that is being considered in this courtroom today?

"A. Yes.

"Q. And what is your relationship to the defendant intervener Longfellow Property Owners and Residents Association?

"A. They have elected me the president of the organization.

"Q. Do you know how many members that organization has?

"A. To my own direct knowledge, 76 members, but there could be others since then. I haven't checked out with everybody to see.

"Q. Would you state to the Court what the purpose of that organization is?

\* \* \* \* \*

"A. Well, we as neighbors, both residents and rentors, and business or residential property owners, would like to maintain and improve our neighborhood. We have a lot to learn. We are a young organization. We want to understand more about our city, how it is being managed, and in general to provide a good atmosphere for raising our families and living out our lives.

"Q. Are the members of this organization people that live in what is known as the Longfellow community?

"A. We set a boundary, the railroad tracks to the north, the river to the east, \* \* \* 42nd Street south on the southern boundary, and Cedar Avenue on the west, and this is the boundaries of our organization. I think that most of the people who are members live in the northern part of this area, I'd say maybe north of 36th Street, although there are a few that are south."

The trial court in making the findings of fact and conclusions of law upon which its order for judgment in plaintiff's favor is based made no findings with respect to the contested allegations of the intervenors' counterclaim upon which their status as parties depends, and, so far as

the record shows, intervenors made no attempt to secure amended findings supportive of this claim of an assertable interest in these proceedings independent of that of the city of Minneapolis, the named defendant.

This being the situation, the stipulation of the original parties to the action that the appeal be dismissed and the order of this court dated October 2, 1967, granting a dismissal of the appeal pursuant to the stipulation preclude consideration of intervenors' position that the judgment should be reversed.[3]

Affirmed.

---

[3] As to the right of affected property owners to challenge governmental decisions involving the application of zoning ordinances, see 101 C. J. S., Zoning, §§ 321, 404; 3 West General Dig. (4 series) Zoning, Key No. 23; Annotations, 37 A. L. R. (2d) 1143 and 168 A. L. R. 13, 133; cf. Newcomb v. Teske, 225 Minn. 223, 30 N. W. (2d) 354; Lowry v. City of Mankato, 231 Minn. 108, 42 N. W. (2d) 553; McCavic v. DeLuca, 233 Minn. 372, 46 N. W. (2d) 873. As to the applicability of Rule 23, Rules of Civil Procedure, see Adelman v. Onischuk, 271 Minn. 216, 135 N. W. (2d) 670, certiorari denied, 382 U. S. 108, 86 S. Ct. 257, 15 L. ed. (2d) 192. As to the capacity of a corporation to represent the individual interests of "members," see Waseca County Bank v. McKenna, 32 Minn. 468, 21 N. W. 556; cf. St. Paul Typothetae v. St. Paul Bookbinders' Union No. 37, 94 Minn. 351, 102 N. W. 725.