### ROBINSON v. McKINNEY.

1. FORECLOSURE BY ADVERTISEMENT—PROCEEDINGS DIVESTING TITLE UNDER NOT UNCONSTITUTIONAL.

    A mortgagor may grant a power of sale in trust for the benefit of both parties to the mortgage. And the proper execution of such power

by the mortgagee under the statutes relating to foreclosure of mortgages by advertisement, is not depriving the mortgagor of his property without "due process of law."

2. USURIOUS CONTRACT, NOT VOID—PENALTY—FORFEITURE OF INTEREST. One who seeks relief against a usurious contract is confined to the remedy prescribed by statute. Such contract is not absolutely void either as to principal or interest, and usury cannot be pleaded as a defense in an action to recover possession of real estate by an owner who has acquired title under foreclosure proceedings based on the alleged usurious contract.

Filed October 4, 1886.

Appeal from the district court of Lawrence county.

*Gilbert B. Scofield,* for defendant and appellant.

The constitution of the United States declares no person shall be "deprived of life, liberty or property without due process of law." The legislature cannot pass any law inconsistent with the constitution or laws of the United States. Organic Act, Sec. 1851.

What is due process of law? It is defined by Bouvier: "So denominated because it proceeds or issues forth in order to bring the defendant into court to answer the charge preferred against him, and signifies the writ or judicial means by which he is brought to answer." See also the cases of 1st Paine R. 368.

It will be seen, therefore, that no part of the proceedings to foreclose a mortgage by advertisement, under the Code, is within the provisions of these definitions. There is no semblance of a legal proceeding in any of the steps required by the Code to be taken. No notice to the mortgagor, except that his property will be sold. No computation of the amount actually due the mortgagee, except by himself or his agent. No confirmation of sale.

It is claimed this chapter of the Code is substantially the same as the Revised Statutes of the State of New York, but an examination of the latter statute will show that such is not the case. In that statute all of the requisites of a legal proceeding must be had, and with as much particularity as a court of equity.

The law of this territory being unconstitutional, proceedings under it are void. Van Horn v. Dorrence, 2d Dall. p. 308; Marbury v. Madison, 1st Crauch, 176; Oakley v. Aspinwall, 3d Comstock, 547; Sedg. on Con. Law, 468–493; Sweet v. Hulburt, 51 Barb. 318.

Usury avoids the contract, and attaches to all renewals of the usurious contract. Wallace v. Bank of Washington, 3 How. 62; Tuthill v. Davis, 20 Johnson, 285; Brinkerhoff v. Foot, 1 Hoff. 291; Bridge v. Hubbard, 15 Mass. 96; Vickery v. Dickson, 35 Barb. 96; Tyler on Usury, p. 346.

*Moody & Washabaugh* and *A. W. Hastie*, for respondent.

Title acquired through power of sale in the mortgage and foreclosed by advertisement has been protected and recognized in the following cases: Mowery v. Sanborn, 68 N. Y. 153; Connerais v. Gunella, 22 Cal. 116; Fogerty v. Sawyer, 17 Cal. 589; Cranston v. Crain, 97 Mass. 459; Clark v. Condit, 18 N. J. Eq. 358; Bradley v. Chester Valley R. R. Co., 36 Pa. St. 141; Corpman v. Baccastow, 84 Pa. St. 363; Robinson v. Amateur Asso., 14 S. C. 148; Laughlin v. Hanley, 12 R. I. 61; Hyman v. Deveraux, 63 N. C. 624; Sims v. Haundley, 3 Miss. 894; Man v. Best, 62 Mo. 491; Ramsey v. Merriman, 6 Minn. 168; Jones v. Cooper, 8 Minn. 294; Golcher v. Brisbin, 20 Minn. 453; Lee v. Clary, 38 Mich. 223; Reading v. Waterman, 46 Mich. 107.

We maintain that the foreclosure and sale was a payment of the debt, and the remedy of the appellant, if he has any, is by a suit to recover the interest thus paid. The plea of usury cannot be successfully made and urged in a collateral proceeding.

TRIPP, C. J. This was an action brought in the district court of Lawrence county by the plaintiff, John M. Robinson, to recover possession of certain real property in the city of Deadwood, claiming to be the owner thereof by virtue of cer-tain foreclosure proceedings of mortgage, by advertisement, under the Code of Civil Procedure. The defendants interpose two defenses by their answer: (1) That the statute giving the right of foreclosure by advertisement is unconstitutional and void, in that it deprives the mortgagor of his property "with-

out due process of law;" and (2) that the debt which the mort-
gage was given to secure was usurious.   Judgment was given
for plaintiff upon this answer as frivolous, to which ruling of
the court the defendants excepted, and to correct said alleged
error of the court, in holding the answer frivolous, this appeal
is brought.

As to the first point raised by appellant's answer and brief,
it is pertinent to say that our statute providing for foreclosure
of mortgages by advertisement has been in force and effect,
substantially as it now exists, since 1864, and that substantially
the same enactment will be found in the statutes of a great
number of the American states, dating back to a period much
anterior to our own; and but recently the parliament of Great
Britain has enacted a similar statute, providing for both pub-
lic and private sales under such mortgages; so that, so far as
the fairness and convenience of the remedy provided by
such statutes, their general and almost universal adoption
by modern legislative bodies give great weight to the argu-
ment in their favor; while the fact that during all the years in
which these statutes have been in existence, and large areas of
land and great amounts of property have been held under such
conveyance directly, or by chain of title from some prior
grantor, the validity of such statutes has not been drawn in
question, is a strong argument in favor of their legality, if the
constitutionality of such enactment were seriously debatable.

"Due process of law," as I understand the words, has refer-
ence solely to taking a man's property by virtue of the legal
process,—the "law of the land,"—and against his will.   These
statutes are founded upon his agreement, and seek to carry out
the agreement in accordance with and not against his will.
These statutes do not even aim to give validity to such con-
tracts.   They are based upon the hypothesis that such powers
and trusts are lawful, and they seek merely to prescribe a mode
of procedure to carry such valid agreement into effect, for the
protection, not only of the parties to the mortgage, but subse-
quent purchasers and incumbrancers. ·

"The first section of our chapter on foreclosure of mort-

gages by advertisement" reads as follows: "Every mortgage of real property containing therein a power of sale, upon default being made in the condition of such mortgage, may be foreclosed by advertisement, in the cases and manner hereinafter specified." Code Civil Proc. § 597. It will be observed that the chapter starts out with the premise that such contract, to-wit, a power of sale in a mortgage, is valid, and the object of the chapter is to provide a mode of procedure by which such foreclosure may become a matter of record for the protection of all interested parties. It is a statute to carry out the will of the grantor,—to transfer his property in accordance with his will, and not against it.

As for the allegations of the answer that the debt for which the mortgage was given was usurious, and the mortgage void, —admitting the defendants were in a condition to raise the question, for the purposes of this case, and without stopping to consider the effect of the legislative enactment which declares such contracts, within the county where this debt was contracted, not to be usurious,—we are of the opinion that the defendant cannot take advantage of the usurious contract, if such it be, in this manner. The statute which was in force at the time this debt is claimed to have been originally contracted did not, in terms, nor by implication, seek to make the contract void; but the statute provides for a foefeiture of all the excessive "interest so taken, received, retained, or contracted for," and follows this by the express words, "it being the intent and meaning of this section not to provide a forfeiture of any portion of the principal;" and the section concludes with the remedy, in case more than 12 per cent interest be paid, that the debtor "may recover the excess from the person taking it, or his personal representative, in an action in the proper court." Civil Code, § 1100.

It is plain that usury can only exist by virtue of the statute, and that the party making the usurious contract, and paying usurious interest, can have no remedy against his creditors, only by virtue of the statute; and the rule is so well settled as to be almost an axiom of the law, that when a statute gives a

right which did not before exist, and prescribes a  remedy  for the enforcement of such right, that remedy is exclusive.  Dwar. St. 162, 275.   Governed by this rule, can a party who asks relief against a usurious contract obtain other than that provided for by the statute?   The evident design of the statute is  to relieve parties from unconscionable contracts, and  to  deter parties from making such contracts by providing for  a  rebate  in the nature of a penalty, recoverable at the option of the debtor; and that a fair construction of the statute does not make either the contract to pay the principal or the  usurous  interest  absolutely void, and the contract invalid, but that such a  contract, at least to the extent of  requiring  payment  of  the  principal, may be enforced by the courts; and that, whatever  rights  the debtor may have in an action or proceeding to enforce the original obligation, he cannot be heard to make his defense  in  this collateral way.

The judgment of the lower court must be affirmed.   All the justices concurring.