## BROWNE v. HASELTINE.

1. Jurisdiction in forcible detainer does not depend on the filing of a verified complaint before the issuance of summons, and it is sufficient if the complaint is filed at or before the time the defendant is required by the summons to appear and answer. Comp. Laws, § 6077.

2. Where plaintiff in an action of detainer pleads a written lease, by the terms of which defendant covenanted to surrender possession at the expiration of the term, he is not required to plead title, and in such case no issue involving the title to the property can arise.

(Opinion filed Mar. 24, 1897.)

Appeal from circuit court, Brown county. Hon. A. W. CAMPBELL, Judge.

Action of detainer by J. Lewis Browne, assignee of the Western Farm-Mortgage Company, against Ira S. Haseltine. Judgment for plaintiff in justice court and on appeal in the circuit court, and defendant appeals. Affirmed.

The facts are stated in the opinion.

*Geo. S. Engle,* for appellant.

*W. F. Mason* and *L. W Crofoot,* for respondent.

HANEY, J. This is an action for forcible detainer of real property. In the justice's court plaintiff had judgment. Defendant appealed on questions of both law and fact to the circuit court, wherein plaintiff again recovered judgment.

The contention that the courts below were without jurisdiction because a verified complaint was not filed before the summons was issued is untenable. In this state this proceed-

ing is of a purely civil nature,—a civil action governed by the same rules as other cases before justices of the peace, except as modified by the provisions of the Justice's Civil Code relating to the subject of forcible entry and detainer; and the only modification found therein affecting the question under discussion is that the complaint shall be in writing, and be verified. Comp. Laws, §§ 6072, 6073, 6076. Pleadings in justice's court may be oral or in writing; must not be verified unless otherwise provided; and, if in writing, must be filed with the justice. Id. § 6058. Such is the general rule. There are no special provisions on the subject of filing the complaint in cases of forcible entry and detainer, except in such cases "the time for appearance and pleading must not be less than two nor more than four days from the time the summons is served on the defendant." Id. § 6077. "Actions in a justice's court, including cases of forcible entry and detainer, or detainer only, are commenced by issuing the summons, or by the voluntary appearance and pleading of the parties." Id. § 6050. The action having been properly commenced, it is sufficient if a complaint in writing, duly verified, be filed at or before the time specified in the summons for defendant to appear and answer.

It is further contended that the justice's court lost, and the circuit court did not acquire, jurisdiction, for the reason that the title to the real property came in question, and the justice refused to certify the case to the circuit court, as required by the statute. Comp. Laws, § 6076. It is alleged in the complaint that plaintiff and defendant entered into a written contract, whereby defendant leased of plaintiff certain described real property for the term of one year from and after November 28, 1893; that by the terms of said contract said lease expired November 28, 1894; that defendant covenanted therein to quit and surrender the possession and occupance of the premises at the expiration of the lease; that defendant held possession during all of said term, and paid all the rent as stipulated in the lease, except $25, which became due on August

28, 1894, and which defendant has failed and neglected to pay; that defendant has held and still holds over after the termination of his lease and the expiration of his term; that, subsequent to the terminatien of said lease by the expiration of its term, and more than three days prior to the commencement of the action, plaintiff gave defendant written notice to quit, which was properly served, and that defendant refused, and still refuses, to deliver possession of the premises, and unlawfully holds over and detains possession thereof; that the reasonable rental value of the premises since the expiration of the term is $125 per month. Defendant in his answer, admits signing the written lease, but alleges that when he did so he was the owner and in possession of the property upon which plaintiff had pretended to foreclose a certain mortgage, and that for the purpose of adjusting the questions and difficulties then at issue between the parties growing out of said alleged foreclosure sale, defendant and plaintiff entered into an agreement entirely different from that expressed in the writing which he signed, and which is referred to in the complaint; that he relied upon plaintiff to have the contract prepared as agreed upon, but plaintiff fraudulently prepared the written lease, and defendant signed it without reading or knowing its contents. He further alleges the circumstance attending the making of the mortgage to plaintiff's assigner, the foreclosure of which has been alluded to, attacks the validity of the foreclosure proceedings, avers that a sheriff's deed had not issued to plaintiff when the lease was executed, and that a suit is pending in the circuit court for the purpose of having the foreclosure proceedings set aside as fraudulent and void. The allegations of the complaint relating to the notice to quit, the reasonable rental value of the premises, and the amount remaining due according to the terms of the lease, are put in issue by a general denial. Plaintiff does not allege title in himself, He relies on the written contract. If the lease is valid, it is all the evidence required to establish his right of possession, and a party need never

plead more that he is required to prove. Defendant cannot deny his landlord's right to possession until he has avoided the lease by proof of such facts as would entitle him to relief in equity from any other obligation created by deed. Williams v. Wait, 2 S. D. 210, 49 N. W. 209. This he attempts by alleging that the lease was fraudulently obtained. If this allegation is sustained, plaintiff cannot recover; if not, he must recover, because defendant is estopped by the covenants of his valid lease from denying plaintiff's right to possession upon the expiration of its term. Williams v. Wait, *supra.* Therefore there are but three issues raised by the pleadings, and none other can be considered under the practice in this state, namely: fraud in the execution of the lease, the amount due for rent, and the reasonable rental value of the premises. It follows that title to the property did not in any wise come in question, and that the justice rightly refused to certify the case. In the circuit court the only issues involved in the action were submitted to a jury under proper instructions, which returned a verdict in favor of plaintiff. The verdict is abundantly sustained by the evidence. We have carefully considered the entire record. Finding no reversible error, the judgment is affirmed.