RAICH, Respondent, v. WEISMAN, et al, Appellants.

(234 N. W. 664.)

(File No. 6501. Opinion filed January 30, 1931.)

*W. M. Potts,* of Mobridge, and *A. E. Weisman,* of McLaughlin, for Appellants.

*Jacobsen & Murray,* of Mott, North Dakota, and *C. G. Carrell,* of Lemmon, for Respondent.

BURCH, J. This case is before us on motion for rehearing. The original opinion is published in 231 N. W. 897. The case was at that time considered on its merits. We do not deem a rehearing necessary, and therefore deny the application. But on further consideration we are of the opinion that the judgment and order appealed from should be reversed and the action dismissed.

In our former opinion we disposed of a motion made in this court asking a dismissal of this action on the merits without prejudice to other actions pending or to be commenced in order that all issues might be litigated between the parties in equity. On further consideration of the pleadings and issues in the other cases pending and their relation to this case, we are convinced that the issues ought to be tried in those actions with the issue here involved. This being a strictly law action in forcible entry and detainer, it

can only determine the right of possession of the property as of the date of the commencement of the action, and involves only the then legal title. As a proceeding to determine the real issues between the parties, it is inadequate, and a final judgment here can only complicate the other issues. Comparatively simple issues have become tangled in a multiplicity of suits, and, if this court can straigten the matter out and permit the entire matter to be litigated in one action before a court of competent jurisdiction, it should be done.

We think respondent has opened the way by an action now pending in the circuit court in which she resubmits to the court all the issues here involved. Under the circumstances we feel justified in treating that action as an abandonment of this action, warranting a dismissal of this without prejudice.

The rights of the parties are not complicated. Dora Raich claims to own the property by virtue of a sheriff's deed. The deed was issued under the foreclosure of a first mortgage executed by A. E. Weisman to First State Bank of McLaughlin, which had been foreclosed by the bank. Dora Raich obtained the deed by virtue of a claimed redemption. Her right as a redemptioner depended upon the validity of a second mortgage given by Sadie Weisman and husband to Sam Raich and by Sam Raich assigned to her. Appellants claim the mortgage to Sam Raich was and is void, having been given without consideration, all of which was well known to Dora Raich. If the mortgage under which Dora Raich claimed to be a redemptioner is and was void in her hands, then she was not a redemptioner and could acquire no rights under her deed as against Sadie Weisman. And, although Sadie Weisman did not herself redeem or attempt to redeem from the first mortgage, she does claim to have had an agreement with the bank whereby she was to purchase the property of the bank when the bank acquired a deed under the foreclosure. The redemption prevented the bank's title. If there was such an agreement, we think it was sufficient to support Weisman's claim as against a mere interloper. Without expressing any opinion on the merits of the several issues involved in the equity suits pending, we direct a dismissal of this action in order that those issues may be tried and determined in a court of equity either in one action or a consolidation of those pending.

Our former opinion is withdrawn, the judgment and order appealed from are reversed, and this cause is remitted to the trial court to be dismissed without prejudice; no costs to be taxed in this court.

POLLEY, P. J., and CAMPBELL and BROWN, JJ., concur.

ROBERTS, J., not participating.