THE FEDERAL LAND BANK OF OMAHA, Respondent, v. MATSON, et al, Appellants

(5 N. W.2d 314.)

(File No. 8501.  Opinion filed July 27, 1942.)

**S. N. Jacquith** and **Everett A. Bogue,** both of Vermillion, for Appellants.

Ivan **Liggett,** of Vermillion, **Carl W. Miller,** of Beresford, and **Otto A. Gruhn,** of Omaha, Neb., for Respondent.

SMITH, J. A single assignment of error questions the propriety of a particular instruction to the jury.

The action is in forcible entry and detainer. The defendants asserted a right to possession of the real property under a lease. The facts disclose that in October, 1939, defendants were in possession of 280 acres of land, mortgaged to plaintiff, in which they claimed an interest as heirs of the deceased mortgagor. Theretofore plaintiff had instituted foreclosure of its mortgage by advertisement, and defendants had procured an order enjoining such proceedings and directing that all further proceedings be had in circuit court. On October 23d, 1939, conference was had with representatives of plaintiff and the defendants in an attempt to reach a compromise of their differences. According to defendants' version of the events of that day, it was orally agreed that if defendants would stipulate that the above described restraining order might be vacated and that the plaintiff might proceed with the foreclosure by advertisement, the plaintiff would lease defendants 200 acres of the mortgaged property for 1940 on shares and would let them have the remaining 80 acres on which the buildings were located for the years 1940 and 1941 on the basis of no rent for the year 1940 and two-fifths of the crop for 1941. According to plaintiff's version it did not agree that the defendants should have the 80 acres for 1941.

This action was commenced in April of 1941. It was established by the evidence without dispute that pursuant to the oral agreement the parties stipulated for the vacation of the restraining order and that such proceedings were had as resulted in the issuance of a sheriff's deed to the property to plaintiff; that written contract was drawn in 1939 covering the cropping of 200 acres for 1940; that defendants had continued in possession of the 80 acres until the time of the commencement of action, without paying any rent for 1940, had seeded a small acreage for the 1941 crop and had prepared other acres for later seeding.

In substance the instructions of the court pointed out the controversy as to the terms of the oral agreement, advised that under SDC 10.0605 a lease for more than one

year must be in writing, and that the question for the jury to decide was whether the defendants had a ·verbal agreement with plaintiff to lease the 80 acres for 1941. To that portion of the instructions which dealt with the Statute of Frauds defendants excepted in the following words: "The defendants except to Instruction No. 2 for the reason that the instruction is an instruction upon an executory contract and that it does not include or instruct the jury as to the effect of performance on the part of the defendants; that it does not instruct the jury that regardless of the fact that the lease may be oral and be for more than one year, that if the contract is executed on the part of one of the parties that the same is a bona fide contract and without the Statute of Frauds regardless of the fact that it may be for more than one year."

■ Considered as an abstract statement of our statutory law the questioned instruction is not open to criticism. However, it was without application to the single issue of fact presented by the evidence. There was but one question to be submitted to the jury, namely, the terms of the oral agreement made between the parties on October 23d, 1939. If the jury found the terms of the oral agreement in accordance with the version of plaintiff, it fulfilled the requirements of the Statute of Frauds and there was no occasion for instruction on that subject. If, on the other hand, the jury resolved that issue in favor of the defendants, because of undisputed facts to which we have adverted, the defendants were entitled to prevail notwithstanding the Statute of Frauds and the instruction was inapplicable.

■■ This court is committed to the view that the doctrine of equitable estoppel may prevent a party to an oral agreement from invoking the Statute of Frauds. Rogers v. Standard Life Ins. Co., 54 S. D. 107, 222 N. W. 667; Lampert Lumber Co. v. Pexa, 44 S. D. 382, 184 N. W. 207. The elements of proof which invoke an estoppel in such case are three, namely, (a) the oral agreement must be established by satisfactory evidence; (b) the party asserting rights under the agreement must have relied thereon and have indicated such reliance by the perforcance of acts unequivocally

referable to the agreement; and (c) it must appear that because of his change of position in reliance on the agreement, to enforce the statute will subject such party to unconscionable hardship and loss. Vogel v. Shaw, 42 Wyo. 333, 294 P. 687, 75 A. L. R. 639; 78 Univ. of Pa. Law Review 51.

■ In our opinion, assuming a finding by the jury of the terms of the oral agreement in accordance with the version of the defendants, these prerequisites are established by the record. The evidence of defendants' witnesses, if believed, constituted satisfactory proof of the terms of the agreement. The acts of defendants in stipulating for a vacation of the restraining order and permitting the taking of a sheriff's deed and in cropping of the land for 1941 are acts unequivocally referable to the asserted agreement indicating a reliance thereon. By these acts of reliance the defendants have so changed their position that to enforce the letter of the statute against them would inflict unconscionable loss and hardship. To apply the statute in such circumstances, after plaintiff had procured that which it sought by the oral agreement would be subversive of the very policy it seeks to promote and would amount to constructive fraud.

■ Consequently, we conclude that the instruction proposed and given by the court was inapplicable to the issue of fact to be submitted to the jury and was therefore erroneous. That the error was prejudicial we do not doubt. The jury could not have read the instructions as a whole without understanding that they were to find for plaintiff, if they viewed the evidence as establishing an oral lease of the 80 acres in question for the years 1940 and 1941.

■ Plaintiff contends here that the objection quoted, supra, was insufficient to present the doctrine of equitable estoppel to the trial court and hence, under well-settled principles, the theory may not be advanced in a reviewing court. However, we think the objection must be read and understood in the light of the fact that under the law of this jurisdiction proof of acts in performance of such an oral agreement of lease is without other efficacy than that of

raising an estoppel. When so read, because the objection points out that the Statute of Frauds is not applicable for the reason that the contract was not executory, and had been taken out of the statute by partial performance, we deem it sufficient to suggest the theory of estoppel to the trial court.

Being of the opinion that challenged instruction was erroneous and prejudicial, we conclude that the judgment and order of the learned trial court must be and they are reversed.

All the Judges concur.