Irene KNIGHT, Appellant (Defendant below),

v.

Harry BONER, Appellee (Plaintiff below).

No. 3757.

Supreme Court of Wyoming.

Sept. 18, 1969.

Ernest Wilkerson, Casper, for appellant.

Paul B. Godfrey, Cheyenne, William A. Taylor, Lusk, for appellee.

Before GRAY, C. J., and McINTYRE, PARKER, and McEWAN, JJ.

Mr. Chief Justice GRAY delivered the opinion of the court.

Plaintiff, Harry Boner, brought an action of forcible entry and detainer in justice of the peace court against defendant, Irene Knight, to recover possession of certain real property located in the Town of Lusk, Wyoming. Judgment was for the plaintiff, and defendant appealed to the district court.

When the matter came on for trial de novo in the district court plaintiff, without objection, put in evidence a warranty deed dated July 10, 1960, by virtue of which the parties acquired title to the premises involved as joint tenants with right of survivorship; a warranty deed dated July 6, 1966, whereby the defendant conveyed her interest in the premises to the plaintiff; and a copy of a stipulation entered into in open court on July 17, 1967, between the parties in settlement of a bastardy proceeding brought by the defendant against the plaintiff wherein, among other things, it was agreed that defendant, who was then making her home on the premises, would vacate the same on or before October 1, 1967, and if not "she shall be deemed to be a tenant at sufferance and subject to immediate removal by an action in forcible entry and detainer by the defendant [plaintiff here], and the plaintiff [defendant here] shall assert no defenses to said action." It was also stipulated that proper notice to quit had been served and that defendant was still in possession of the premises. Thereupon plaintiff rested his case.

In defense of the proceeding the defendant took the position that the stipulation concerning plaintiff's right to possession of the premises was entered into by the defendant and her then attorneys under a misapprehension of the facts brought about through concealment by plaintiff of certain financial transactions between plaintiff and a bank relating to the property and defendant's automobile and that the deed from defendant to plaintiff whereby defendant conveyed away her interest in the premises and relinquished her equal right to possession thereunder was void because obtained by plaintiff through misrepresentation, fraud and deceit.

When defendant undertook to offer evidence in support of her theories, objection was made on the ground that the derivation of plaintiff's title was incompetent, irrelevant and immaterial and on the further ground that the matters raised constituted equitable defenses which could not be injected into an unlawful detainer proceeding. The objection was sustained and defendant, after making an extensive offer of proof which we find unnecessary to relate in any detail for purposes here, and which offer was also rejected by the trial court, rested her case. The district court in disposing of the appeal found that plaintiff was entitled to possession and entered its order affirming the judgment of the justice court. Defendant appeals:

In presenting the matter here counsel for defendant in his brief says:

"The issue in this appeal is a narrow one: Is the defendant in a forcible entry and detainer action, being a former joint owner of the property with attendant joint right to possession, entitled to establish as a defense to eviction by the other joint tenant that the title in the

evictor was obtained from the defendant evictee by misrepresentation, deceit and fraud and therefore that the instrument vesting such title in the evictor is void and of no force and effect with the resulting continuing right in the defendant to occupy the premises."

As nearly as we can determine, the argument of defendant that the issue should be answered in the affirmative is predicated upon the proposition that the proffered evidence was admissible as tending to show that the defendant took possession of the premises and continued in possession under "color of title," which if established would defeat the action of unlawful detainer.

The difficulty with defendant's carefully articulated statement of the narrow issue on this appeal and the argument in support thereof is that it entirely ignores the underlying and significant circumstance of the force and effect of the stipulation in the bastardy proceeding. Although the contention was made in the trial court that the stipulation was vulnerable for the reason stated above, the point is neither presented nor argued here by the defendant.

■ Having thus waived any claim of infirmity in the stipulation, the defendant must be held bound by it and that in turn bears heavily on defendant's only defense for the reason that regardless of what had gone on before by way of entry or possession, the stipulation on its face established the relationship of landlord and tenant between the parties on and after October 1, 1967. From that time on defendant occupied the premises as a tenant at sufferance and upon her failure to vacate after proper notice terminating the tenancy, the plaintiff was well within his rights in bringing an action for unlawful detainer pursuant to the provisions of §§ 1–677— 1–692, W.S.1957. The suggestion of defendant that the appropriate action here was in ejectment is answered in Hurst v. Davis, Wyo., 386 P.2d 943, 949, wherein it was pointed out that the principal object of the statutory proceeding is to furnish a speedy remedy for recovery of possession against tenants holding over their term "and to save landlords from the need to resort to [a] cumbersome, dilatory, and expensive suit in ejectment."

■ The only determination to be made in the proceeding is "the right or fact of possession." Jenkins v. Jeffrey, 3 Wyo. 669, 29 P. 186, 188. As a general rule the tenant is estopped to deny the title of the landlord and any investigation of title to the premises is precluded. Hitshew v. Rosson, 41 Wyo. 509, 287 P. 316, 318; Jenkins v. Jeffrey, supra. Defendant does not dispute that such is the law but asserts that the proffered evidence relating to title comes within the exception mentioned in Jenkins that evidence of title is sometimes admissible "to show the purpose for which the entry was made, and the character and extent of the possession."

■ We fail to grasp the force of the argument. In the first instance plaintiff, by his complaint, conceded that defendant's entry was lawful and consequently the exclusion of defendant's evidence to establish such fact, even if erroneous, in no way prejudiced the defendant. In addition, of course, evidence of the purpose of defendant's entry and the character and extent of her possession was immaterial in view of the stipulation that on and after October 1, 1967, she occupied and possessed the premises as a tenant by sufferance. See Ferguson v. Haygood, 67 Wyo. 422, 225 P.2d 336, 339.

■ The further argument that the evidence was offered to show defendant was in possession under "color of title," overlooks the fact that the deed of July 10, 1960, conveyed to defendant an undisputed title to the premises as a joint tenant. Such an instrument does not establish "color of title" for the reason that the term "color of title" is well defined as meaning an instrument which has "a semblance or appearance of title, but is not title in fact or law." McCoy v. Lowrie, 42 Wash.2d 24, 253 P.2d 415, 418; 3 Am. Jur.2d, Adverse Possession, § 105, p. 188. Consequently, and aside from defendant's

right to question plaintiff's title, the proffered evidence was not competent under the claim of "color of title" and particularly so when long before the time of trial she had conveyed to plaintiff all of her right, title and interest in the premises.

What defendant's contention really boils down to, as indicated by the offer of proof and the argument presented here, is that the trial court erred in refusing to admit evidence tending to establish an equitable defense, i. e., the rescission of the deed to plaintiff because of alleged fraud and deceit and restoration of defendant's right of possession as a joint tenant. Regardless of what the rule might be elsewhere, it has long been the rule in this jurisdiction "that neither the court of the justice of the peace nor the action of unlawful detainer is designed to try equitable defenses." Ferguson v. Haygood, supra, 225 P.2d at 342. The case also gives recognition to the well-recognized principle that the possessory action of forcible entry and detainer is not to be converted into an action of ejectment where the question of legal and equitable titles could be tried or to an action seeking equitable relief. That is not to say, of course, that a determination in the possessory action precludes an action in the proper forum to enforce equitable rights such as defendant asserts here. In that connection we should perhaps mention that what is said here should not be taken or understood as passing upon the merits of defendant's equitable rights.

Judgment affirmed.