ROSS L. MILLER AND ANOTHER v.
WAYNE BENNER AND ANOTHER.

196 N. W. 2d 293.

March 24, 1972—No. 43513.

*Baudler & Baudler, William J. Baudler,* and *Lawrence E. Maus,* for relators.

*Salland & Faricy* and *Joseph E. Salland,* for respondents.

Per Curiam.

Plaintiffs-relators, Ross L. Miller and Dora E. Miller, seek a writ of mandamus to compel the municipal court of the city of St. Paul to decide in an unlawful detainer action their right to possession of certain real estate located in the city of St. Paul. It is conceded that relators are the legal owners in fee simple absolute of the property, which is

described as the north 125 feet of the west 80 feet of lot 2, block 2, in Robert L. Ware's Eastern Heights Acre Lots, Ramsey County, Minnesota.

Prior to April 23, 1971, respondents Wayne Benner and Katherine Benner occupied said real estate with permission of relators under a power of attorney which was executed on June 25, 1970. This power of attorney was revoked on April 23, 1971. Respondents claim the right to continue occupancy of the premises under an oral agreement allegedly entered into with the previous owner of the property, one Benjamin J. Miller, now deceased. In answer to relators' complaint in the unlawful detainer action, respondents alleged "that they have an equitable right to said property which right is unenforceable in [the municipal] Court for lack of jurisdiction thereof." Following a hearing, the case was certified to the District Court of Ramsey County by the municipal court on the ground that the aforementioned defense raised an issue involving the title to this real estate. Relators then sought and obtained from this court an alternative writ of mandamus directing the judge of the municipal court to determine the right of possession or to show cause why he has not done so. The matter is now here on a return to this alternative writ.

Respondents Brenner question the jurisdiction of this court to require the municipal court to decide the issue involved. We see no merit to this contention. See, Minn. St. 480.04. While mandamus is not a proper remedy to direct the decision of a court, it does lie to compel a court to proceed with a trial to a determination of a cause of which it has jurisdiction. McLean Distributing Co. Inc. v. Brewery & Beverage D., W. & H. Union, 254 Minn. 204, 94 N. W. 2d 514 (1959); 11A Dunnell, Dig. (3 ed.) § 5753.

The facts here are nearly identical with those in Gallagher v. Moffet, 233 Minn. 330, 332, 46 N. W. 2d 792, 793 (1951), where we held that an oral agreement such as we have here—

"* * * has no standing in a court of law, in that pursuant to § 513.05 any contract for the sale of any lands, or any interest in lands, shall be void unless it, or some note or memorandum thereof, expressing the consideration, is in writing and is subscribed by the party by whom the sale is to be made. Only by part performance may such agreement, pursuant to § 513.06, be taken out of the statute of frauds and given force and effect between the parties, and then only by means of specific performance granted in a court of equity. Without specific performance, the oral agreement is wholly ineffective as an equitable defense or for any other purpose. In other words, without specific performance, the

oral agreement has no defense value per se. Clearly, specific performance involves the exercise of the power of granting affirmative equitable relief. Although the Minneapolis municipal court has jurisdiction over actions of forcible entry and unlawful detainer, *whether involving title to real estate or not,* such jurisdiction does not embrace the power to entertain or consider a defense which is insufficient per se and which can be asserted only with the aid of affirmative equitable relief." [1]

Here, the only defense asserted by respondents Benner is an oral agreement to retain possession of the property. Clearly, such defense is not available in an action for unlawful detainer. Nor was the case one that should have been certified to the district court. There is no issue as to the legal title to the property as such, and if the oral agreement asserted by respondents is to have any validity, it will have to be established in an action for specific performance brought in a court having equitable jurisdiction. It follows that the right to possession should be determined by the municipal court in the action brought therein, and the alternative writ of mandamus heretofore issued should be and is made absolute. The municipal court is directed to proceed forthwith with a determination of the right of possession.

Writ made absolute.

---

[1] See, also, Dahlberg v. Young, 231 Minn. 60, 42 N. W. 2d 570 (1950); Colby v. Street, 146 Minn. 290, 178 N. W. 599 (1920).