ANNE F. CARLSON v. ROMAINE JEAN COHEN AND ANOTHER.

223 N. W. 2d 810.

November 22, 1974—No. 45132.

 ██

*Romaine Jean Cohen* and *Hyman Cohen,* pro se, for appellants.
*Wangensteen & Associates* and *William K. Wangensteen,* for respondent.

PER CURIAM.

This is an appeal from a final judgment entered by the St. Paul municipal court in an unlawful detainer action against defendants-appellants, Romaine Jean Cohen and Hyman Cohen. We affirm.

Plaintiff-respondent is the undisputed owner in fee simple absolute of the real estate which is the subject of the action. Defendants are now in physical possession pursuant to a contract for deed dated August 30, 1972. Plaintiff experienced difficulty in obtaining payments under the contract and a series of statutory cancellation proceedings were instituted against defendants during 1973. The result of each proceeding was that defendants made payment of contract arrearages. In March 1974, plaintiff properly commenced another cancellation action and defendants failed to meet the arrearages within the prescribed 30-day period. The contract for deed was duly canceled.

On April 15, an unlawful detainer summons and complaint were filed with the clerk of the municipal court of St. Paul. On the return date, the municipal court struck the matter for defective service of process. Plaintiff then filed a new and separate summons and complaint carrying the same file number. Personal service was made on defendant Romaine Cohen by placing the summons and complaint under the windshield wiper of her automobile as she attempted to evade service in the driveway of her home.

At the trial, defendants claimed the action was improperly com-

menced and that the summons was not properly served. They asserted in a counterclaim the proposed defense that the cancellation had unduly enriched plaintiff in that defendants had paid a substantial amount on the contract. Defendants then requested that the case be transferred to the district court for trial on all the issues.

The court held that the action had been properly commenced and that service was proper. The court further struck the counterclaim for want of jurisdiction of the municipal court to hear equitable matters. The court then awarded a writ of restitution against each defendant, restoring plaintiff to possession of the subject real estate. Defendants appeal, providing a supersedeas bond fixed by an order of this court which also stayed all proceedings pending this decision.

1. The main issue for our determination is whether the assertion of equitable claims and defenses in an unlawful detainer action requires the municipal court to transfer the action to the district court.

The lower court based its decision upon the recent case of Miller v. Benner, 293 Minn. 400, 196 N. W. 2d 293 (1972). In that case an unlawful detainer action had been commenced by the fee owners for a writ of restitution. Defendants answered by claiming an equitable interest in the property under an oral agreement and, as the municipal court lacked jurisdiction to consider the equities, sought certification of the matter to the district court. The case was certified and plaintiffs sought an extraordinary writ of mandamus to compel the municipal court to determine the narrow issue of present right to possession. This court made the writ absolute and concluded that a defense of an oral agreement to retain possession of the property is not available in an action for unlawful detainer. We held, further, that the matter was not one which should have been certified to the district court. See, also, Gallagher v. Moffet, 233 Minn. 330, 46 N. W. 2d 792 (1951); Dahlberg v. Young, 231 Minn. 60, 42 N. W. 2d 570 (1950); Colby v. Street, 146 Minn. 290, 178 N. W. 599 (1920), for the theory that the municipal court has no jurisdiction to afford affirmative equitable relief and that therefore the enforcement of such claims should be sought in the district court.

Defendants here assert that the proposed defense justified the certification of this case for trial in the district court. It is not questioned that defendants claim a substantial equity in the subject real estate. The counterclaim therefore would put at issue whether plaintiff was unduly enriched by the cancellation of the contract for deed. If the asserted equity is a sufficient basis for a cause of action for unjust enrichment, such cause of action must concede title and right of possession to be in plaintiff.

Under those circumstances, the trial court was correct in striking the counterclaim from the case. By conceding that title and right of possession are in plaintiff, defendants have essentially invalidated any claimed defense to the unlawful detainer action. Therefore, this is not an equitable defense and there is no need of certification to the district court.

2. The issue raised by defendants concerning the dismissal of the first summons and complaint in this action and the service of the second summons and complaint does not appear to cause any fatal defects. There appears to be proper personal service, despite its uniqueness, and since the first action was not dismissed with prejudice, the new summons and complaint were in substantial compliance with the statutory provisions applicable to an unlawful detainer action. We therefore uphold the court in all respects.

Affirmed.