# KATHLEEN BERG AND ANOTHER v. RODNEY A. WILEY AND OTHERS.

226 N. W. 2d 904.

March 7, 1975—No. 45031.

*Leonard, Street & Deinard, Allen I. Saeks, Lowell J. Noteboom, David C. Zalk, Meyer, Nelson & Miller,* and *Gary J. Meyer,* for appellants.

*Larson & Mannikko* and *Robert P. Larson,* for respondents.

Heard before Sheran, C. J., and Kelly and Yetka, JJ., and considered and decided by the court en banc.

YETKA, JUSTICE.

Plaintiffs, Kathleen Berg and Family Affair Restaurant, Inc.,[1] brought an unlawful detainer action under Minn. St. 566.02, et seq., in Hennepin County Municipal Court, seeking to regain possession of certain real estate[2] originally leased by defendant Wiley Enterprises, Inc.,[3] to Phillip Berg, who later assigned the

---

[1] A Minnesota corporation of which plaintiff Kathleen Berg is president and sole stockholder. Hereinafter, plaintiffs will be referred to in the singular unless otherwise indicated.

[2] Known as 225 Central Avenue, Osseo, Minnesota.

[3] A Minnesota corporation of which defendant Rodney Wiley is president.

lease to Kathleen Berg. Following trial before the court, findings of fact, conclusions of law, and order for judgment restoring possession of the premises in question to plaintiff corporation were entered. Judgment was accordingly issued on March 14, 1974, from which defendants Wiley Enterprises, Inc., and Marvel Weinand[4] immediately appealed.[5] We reverse.

On November 11, 1970, defendant Wiley Enterprises, Inc., as lessor and Phillip Berg as lessee executed a written lease for the land and building in question, the lease being for a term of 5 years from December 1, 1970. Subsequent to the execution of the lease, Phillip Berg took possession of the premises and commenced operation of a restaurant known as the "Gas Light Cafe."

Thereafter, Phillip Berg assigned the lease to plaintiff Kathleen Berg, who took possession of the premises in February 1971, and, after remodeling, opened a restaurant known as the "Family Affair Restaurant" on May 1 of that year.

In January 1973, plaintiff Kathleen Berg incorporated her business, assigned her lease to that corporation, and notified the lessor thereof.

It appears that, at some time prior to January 4, 1973, plaintiff through counsel requested an extension of the term of the lease. That request was denied on grounds that plaintiff had remodeled the premises without prior written approval as required by the lease.

Plaintiff, via a letter dated February 1, 1973, notified Wiley Enterprises that she would be making improvements to the leasehold in order to comply with State Department of Health regula-

---

[4] Mrs. Weinand is currently in possession of the premises at issue under a lease executed by her as lessee and Wiley Enterprises, Inc., as lessor.

[5] Execution of judgment was stayed pending this appeal on condition that defendants post a supersedeas bond in the principal sum of $12,000.

tions.[6] Although the record does not show that plaintiff received express written authorization for those improvements, there is some evidence that Wiley Enterprises acquiesced to the proposed improvements.

Thereafter discord between the parties arose due to plaintiff's alleged failure to proceed with the remodeling in timely fashion. On two occasions Wiley informed plaintiff Berg in writing of his dissatisfaction and threatened eviction if she did not promptly complete said remodeling.

The discord between the parties came to a head on July 13, 1973, at which time plaintiff closed the restaurant allegedly in order to complete the "remodeling." It is defendants' view that plaintiff closed the business in order to begin vacation of the premises. Defendants further alleged that plaintiff vandalized the interior of the building sometime over the weekend of July 13 to 16, 1973. Plaintiff denied those allegations.

Defendant Wiley Enterprises changed the locks on the premises on July 16, 1973, and thereafter remodeled the building and leased it to defendant Weinand, who presently operates a restaurant on the premises in question.

On or about August 1, 1973, plaintiff filed suit in district court seeking to recover *damages* on grounds of wrongful eviction, interference with plaintiff's business, defamation, and other tortious acts. On October 2, 1973, plaintiff brought action in municipal court seeking restitution of *possession* under Minn. St. c. 566. As noted above, plaintiff prevailed in this second action in the lower court, and defendants Wiley Enterprises and Weinand thereafter appealed.

The parties have raised three issues in this appeal. However, we need consider only the question of whether or not a tenant may bring an unlawful detainer action under Minn. St. c. 566

---

[6] These improvements were as follows: (1) Quarry tile on kitchen floors; (2) ceramic tile on kitchen walls, including bathrooms and possibly front and rear entries; (3) installation of booster heater; (4) installation of drain around dishwasher.

against his landlord. The issue herein presented is one of first impression in this jurisdiction. Plaintiff advances the proposition that the rather broad language of Minn. St. 566.02[7] includes tenants and thus her suit was properly brought under c. 566. Defendants rely on Minn. St. 566.03, subd. 1,[8] and contend that only the classes of plaintiffs specified therein may sue for possession in an unlawful detainer action.

We believe § 566.03, subd. 1, should apply in this case. The remedy of unlawful detainer was not intended or understood to supersede the common-law remedy of ejectment. Rather, the act at issue was drawn to provide summary disposition of disputes as to possession only. However, in the instant case the issues raised in the trial court, including abandonment, surrender, material breach of the lease agreement, and voluntary waste, are clearly not amenable or appropriate to the type of summary disposition envisioned in the act. On the other hand, the situations specified in § 566.03, subd. 1, invite a limited judicial inquiry where summary litigation is practicable. To adopt plaintiff's proffered interpretation of Minn. St. c. 566 would, in our view,

---

[7] Minn. St. 566.02 provides: "When *any person* has made unlawful or forcible entry into lands or tenements, and detains the same, or, having peaceably entered, unlawfully detains the same, the person entitled to the premises may recover possession thereof in the manner herinafter provided." (Italics supplied.)

[8] Minn. St. 566.03, subd. 1, provides: "When any person holds over lands or tenements after a sale thereof on an execution or judgment, or on foreclosure of a mortgage and expiration of the time for redemption, or after termination of contract to convey the same, or after termination of the time for which they are demised or let to him or to the persons under whom he holds possession, or contrary to the conditions or covenants of the lease or agreement under which he holds, or after any rent becomes due according to the terms of such lease or agreement, or when any tenant at will holds over after the determination of any such estate by notice to quit, in all such cases the person entitled to the premises may recover possession thereof in the manner hereinafter provided."

defeat the purpose for which these statutory provisions were enacted.

Plaintiff's proper remedy here was an ejectment action in district court, where it could not only have claimed repossession but where any and all necessary legal and equitable remedies were available to it, and where the right to possession and damages could be resolved in one action.

Since we have decided that an action under the unlawful detainer statute is not available to the plaintiff, we need not decide the other issues raised on appeal.

Reversed and remanded to the trial court with instructions to vacate judgment.