Keith HEISER and Carolynn Heiser,
Plaintiffs and Appellants,

v.

Lynn RODWAY, Defendant
and Respondent.

No. 11759.

Supreme Court of South Dakota.

Nov. 19, 1976.

Phillip O. Peterson, Frieberg & Frieberg, Beresford, for plaintiffs and appellants.

Eugene J. Irons, Myrabo & Irons, Canton, for defendant and respondent.

WINANS, Justice.

This is an appeal from a judgment in an unlawful detainer action brought pursuant to SDCL 21–16–1(4). The jury found for the defendant and in accordance with the verdict the trial court adjudged that the defendant was entitled to retain possession of a certain parcel of real property by virtue of· an oral lease between the parties. We affirm.

Plaintiffs, Keith and Carolynn Heiser, are the owners of that farm realty described as:

The Southeast Quarter (SE ¼) of Section Thirty-four (34), Township Ninety-seven (97), Range Fifty (50), Lincoln County, South Dakota.

In January of 1973 they entered into a written agreement to lease this land to the defendant, Lynn Rodway. Under the lease, defendant was entitled to possession of the farm land for one year commencing March 1, 1973; plaintiffs were to receive ⅖ of any crops raised as rent. Upon expiration of the written lease on March 1, 1974, no written lease had been executed for the following year. Defendant remained in possession, however, and farmed the land during the 1974 season pursuant to an oral lease entered into by the same parties sometime during the spring of 1974. The parties agreed that the terms of the 1973 written lease would apply; this oral lease was to terminate on March 1, 1975.

On September 6, 1974, defendant had a conversation with plaintiff Carolynn Heiser, the contents of which constitute the crux of this lawsuit. It is defendant's contention, and the jury found, that the parties entered into an oral lease for the 1975 farming season at that time, subject to the same terms as the prior two leases. The evidence shows that shortly after that conversation, defendant plowed and fertilized part of the acreage, acts not required by the 1974 oral lease.

Plaintiffs contend that no new lease was entered on September 6, and that even if there was such a lease, it was terminated on October 14, 1974 when they sent the following letter to the defendant:

"Due to the poor returns on our farm the past two years—we are forced to seek a new renter. Each time there has been an excuse, such as weather—bad seed—weeds etc. But the fact is, we cannot afford to invest more in this operation with so little return.

Dad's farm is not that different from ours and yet the production, or at least the amount the lessor received, has been greater by a *great* margin *both* years.

Do not plow any ground—I noticed you did the small grain land *without* informing us first this, also, was in contradiction to what we had said 'let us know *before* you proceed with *any & all* farming operations.'

This is a formal notice of the termination of any written or spoken contract for the farming of our land[.]" (Emphasis in original).

In a telephone conversation which transpired shortly after defendant's receipt of this letter, the plaintiffs offered to reimburse defendant for the work he had done that fall.

Plaintiffs' contention is that after March 1, 1975, defendant unlawfully continued to hold over after the termination of the 1974 oral lease. Written notice to quit was given on May 9, 1975, and an unlawful detainer action was commenced on May 28, by summons and complaint. The action did not come to trial until July 7, 1975. After hearing all the evidence, the judge denied plaintiffs' motion for a directed verdict and submitted all issues to the jury. The jury returned a verdict for the defendant on all issues and after plaintiffs' motion for judgment notwithstanding the verdict was denied, judgment was entered. It is from that judgment dismissing plaintiffs' cause

of action and finding defendant entitled to possession that plaintiffs appeal.

Plaintiffs' cause of action is based upon SDCL 21–16–1(4). That section provides that a civil action for detainer is maintainable:

"Where a lessee in person or by subtenants holds over after the termination of his lease or expiration of his term . ."

Plaintiffs contend that the lease expired on March 1, 1975, and that continued possession by defendant after that date is unlawful detainer. They assign as error the decision by the trial court to admit evidence of events after March 1; the refusal to direct a verdict in their favor; and the court's refusal to enter a judgment notwithstanding the verdict. The gist of these assignments of error is that certain defenses raised by defendant are not cognizable in an unlawful detainer action and that because these defenses were not proper, plaintiffs were entitled to prevail as a matter of law.

Evidence admitted over plaintiffs' objection consisted mainly of testimony about preparation, planting, and cultivation of the land; testimony of defendant's investment; and assertions of unreasonable delay in instituting the action. The trial court allowed the testimony and permitted the issues to go to the jury. We do not think it was error to do so.

Plaintiffs assert that these matters are equitable in nature and therefore not permitted in an action for unlawful detainer. They cite a series of Minnesota cases to that effect. See *Carlson v. Cohen,* 1974, 302 Minn. 531, 223 N.W.2d 810; *Miller v. Benner,* 1972, 293 Minn. 400, 196 N.W.2d 293; *William Weisman Holding Co. v. Miller,* 1922, 152 Minn. 330, 188 N.W. 732. There is a distinction in these decisions, as there is in the case of *Knight v. Boner,* 1969, Wyo., 459

P.2d 205, also cited by plaintiffs, that makes their principle inapplicable to the situation before this court. These cases involved actions before a court which was without jurisdiction to consider equitable issues. This action, however, was commenced in circuit court; such courts have jurisdiction over both equitable actions and actions at law by virtue of SDCL 16–6–8.

This court held in *Aegerter v. Hayes,* 1929, 55 S.D. 337, 226 N.W. 345, 347 that "[t]he equitable rights of parties cannot be litigated in this form of action [unlawful detainer]." The cases cited in support of that proposition, however, do not lend credence to the broad swath the rule appears to cut.[1] We must therefore examine the rationale behind the prohibition urged on the court, to ascertain whether the policy reflected is an adequate representation of modern jurisprudence in this state.

The primary concern in an unlawful detainer action is the question of immediate right to possession. *Raich v. Weisman,* 1931, 58 S.D. 4, 234 N.W. 664; *Aegerter v. Hayes, supra.* Chapter 21–16 is designed as a speedy remedy to provide possession to the person rightfully entitled to it. It is a summary action intended to prevent protracted litigation because of the introduction of collateral issues not connected with the question of possession. *Rosewood Corp. v. Fisher,* 1970, 46 Ill.2d 249, 263 N.E.2d 833. Because of the summary nature of the action, some jurisdictions have ruled that equitable matters are not cognizable in an unlawful detainer action. See, e. g., *Berg v. Wiley,* 1975, Minn., 226 N.W.2d 904; *Knight v. Boner, supra; People's Mortgage Corp. v. Wilton,* 1926, 234 Mich. 252, 208 N.W. 60. Other jurisdictions permit inquiry into equitable considerations. See, e. g., *Snuffin v. Mayo,* 1972, 6 Wash.App. 525, 494 P.2d 497; *Rosewood*

---

1. *William Weisman Holding Co. v. Miller, supra,* refers to equitable considerations in the context of discussing the jurisdiction of a municipal court which has no equitable jurisdiction. *Towles v. Hamilton,* 1913, 94 Neb. 588, 143 N.W. 935, held only that the defendant could not seek to quiet title in this type of

action. *Kelley v. Kelley,* 1919, 187 Iowa 349, 174 N.W. 342, held that wrongful possession was the only question involved in this type of action and held that the action should be dismissed because defendant had surrendered possession.

*Corp. v. Fisher, supra; Union Oil Co. v. Chandler,* 1970, 4 Cal.App.3d 716, 84 Cal. Rptr. 756. We find the reasoning of the latter jurisdictions more persuasive; we hold that inquiry may be made into equitable considerations in an unlawful detainer action, as long as those considerations are relevant to the right of possession.

The distinction between actions at law and suits in equity was abolished in this state by statute. All relief is now available in one form of action known as the "civil action." SDCL 15–6–2. While it is true that the "essential and inherent differences between legal and equitable relief are still recognized and enforced in our system of jurisprudence. . . ." *Holzworth v. Roth,* 1960, 78 S.D. 287, 289–90, 101 N.W.2d 393, 394, it is no longer necessary that separate actions be maintained to enforce correlative rights simply because some are legal and others equitable. Defendant has raised equitable issues relevant to the question of rightful possession. We are aware that to admit evidence of such matters even on a limited basis will interfere with the summary nature of the remedy. We agree with the court in *Rosewood Corp., supra,* however, when it holds that interference is warranted.

> "The fusion of the practice and procedure in suits at law and in equity accomplished by the Civil Practice Act is, in our opinion, sufficient to permit necessary equitable relief in these proceedings, rather than to force upon defendants a separate proceeding where the same relief will be forthcoming.
>
> \*     \*     \*     \*     \*     \*
>
> [T]he right . . . to be heard on relevant matters, . . . as well as the desirable purpose of preventing a multiplicity of suits, is, and must be, su-

perior to the desire to provide a speedy remedy for possession." 263 N.E.2d at 838–39.

It is our opinion that evidence pertinent to the issue of possession is properly admissible in an unlawful detainer action, even though the evidence is equitable in nature.[2]

There is authority for the proposition that the existence of an oral lease is a proper consideration in this type of action. In *Aegerter, supra,* this court stated that one of the only theories that defendant in that unlawful detainer action could rely on was the existence of an oral lease for an additional year. Although the evidence in that case would have supported a verdict either way, the court pointed out that the question was never submitted to the jury. It is evident that the court thought that such an issue was proper for jury determination when in concluding the discussion it comments, "[t]hus the real matters at issue have never been tried." 226 N.W. at 347.

This court has allowed equitable defenses to be raised in forcible entry and detainer actions before. *Federal Land Bank of Omaha v. Matson,* 1942, 68 S.D. 538, 5 N.W.2d 314; *Shaw v. George,* 1966, 82 S.D. 62, 141 N.W.2d 405. The evidence admitted, which plaintiffs label as equitable, tends to show acts by the defendant consistent with the existence of an oral lease; even though this evidence relates to equitable matters, it is nevertheless relevant to possession and was properly admitted.[3]

Because this evidence is admissible, plaintiffs are without grounds to support either a directed verdict or a judgment notwithstanding the verdict. Both motions depend upon reasonable minds being able to reach but one conclusion, based on the evi-

---

2. This is not meant to imply that this court will allow questions of title to be settled in this type of action. Quiet title actions present many collateral issues; the interference in the summary nature of an unlawful detainer action would simply be too great if title could be questioned. In addition, the title question may have no relevance to the issue of possession at the time in question. See *Raich v. Weisman,*

*supra,* at 665; *Browne v. Haseltine,* 1897, 9 S.D. 524, 70 N.W. 648.

3. While it appears that the laches question is not related to the right of possession, the jury was instructed on unreasonable delay without exception by plaintiffs. Therefore it became the law of the case and cannot be challenged now. *Aegerter v. Hayes, supra,* at 347.

dence presented, and that conclusion favorable to the moving party. *Langdon v. Reuppel,* 1965, 81 S.D. 289, 134 N.W.2d 293; *Strain v. Shields,* 1934, 63 S.D. 60, 256 N.W. 268. Here the evidence was conflicting. Sufficient evidence was presented to allow reasonable minds to reach differing conclusions; in such cases the conflicts should go to the jury for resolution, and the verdict should not be disturbed on motion for judgment notwithstanding the verdict.

■ Plaintiffs' last assignment is that the court erred in submitting instruction No. 22 to the jury. The instruction read:

"If you find that the defendant had entered into an oral lease with the plaintiffs and that, in reliance upon such lease the defendant expended money and effort pursuant to said lease, then you must find that the plaintiffs cannot now deny the existence and effect of such a lease."

Plaintiffs argue that the instruction is deficient in that it is not based upon the evidence, it requires no finding that the oral lease was valid, and it requires no finding that notice of termination was invalid. They maintain that the instruction was a misstatement of applicable law and was not responsive to the issues, and therefore it constitutes prejudicial error. We cannot agree.

This court has said many times that the "[i]nstructions to the jury must be considered as a whole and when as a whole it gives a full and correct statement of the law applicable to the case, they are not erroneous because the particular instructions taken alone may not have embodied all the law applicable." *Dwyer v. Christensen,* 1958, 77 S.D. 381, 92 N.W.2d 199. See also *Northwestern Bell Tel. Co. v. Henry Carlson Co.,* 1969, 83 S.D. 664, 165 N.W.2d 346. When the instructions in this case are viewed as a whole, this court can find no basis for plaintiffs' claim of error. The omissions complained of were adequately dealt with in other instructions. All of the issues need not be stated in one instruction. There was no error in submitting instruction No. 22 to the jury.

We can find no reason to overturn the verdict and judgment in this case. Although the evidence presented was conflicting, it supports the jury's decision. After considering plaintiffs' various assignments of error, we conclude that the judgment of the trial court should be affirmed.

DUNN, C. J., and WOLLMAN, J., concur.

COLER, J., concurs specially.

FOSHEIM, Circuit Judge, sitting as a member of the court, dissents.

ZASTROW, J., not having been a member of the court at the time this case was orally argued, did not participate.

COLER, Justice (concurring specially).

I agree with the result reached by the majority opinion but am convinced that this Court should correct an apparent oversight in the 1966 revision of the Rules of Civil Procedure and add SDCL 21–16–4 to the list of superseded statutes and rules set forth in Rule 81(b).

SDCL 21–16–4 is so totally inconsistent with the concept of RCP Rules 13 and 18 (SDCL 15–6–13, 15–6–18), providing for joinder of all claims and doing away with multiple actions, that *Aegerter v. Hayes,* 55 S.D. 337, 226 N.W. 345, should be overruled. Only by such a holding will the conflict of law and procedure be resolved.

FOSHEIM, Circuit Judge (dissenting).

It is abiding law in this state that in a forcible entry and detainer action only the immediate right of possession is involved, *Raich v. Weisman,* 1931, 58 S.D. 4, 234 N.W. 664. It precludes the defense of usury, *Robinson v. McKinney,* 1886, 4 Dak. 290, 29 N.W. 658; *Northwestern Mortgage Trust Co. v. Bradley, et al.,* 1897, 9 S.D. 495, 70 N.W. 648. In *McManus v. Maloy,* 1912, 30 S.D. 373, 138 N.W. 963 and *Aegerter v. Hayes,* 1929, 55 S.D. 337, 226 N.W. 345, we held that equitable rights of the parties cannot therein be litigated. This is not a position shared by only a few states as the majority opinion implies. Neither is it confined to courts without equity jurisdiction

as the majority opinion distinguishes. Quite to the contrary, it seems clearly to be the general rule which is strictly applied without distinction as to jurisdiction, 35 Am.Jur.2d, Forcible Entry and Detainer, §§ 5 & 6, p. 895; see also 36A C.J.S. Forcible Entry and Detainer § 3, p. 963, citing *Aegerter* (footnote 16).

The majority opinion leans on *Federal Land Bank of Omaha v. Matson*, 1942, 68 S.D. 538, 5 N.W.2d 314, and *Shaw v. George*, 1966, 82 S.D. 62, 141 N.W.2d 405, as decisions holding otherwise. In *Shaw*, we do cite the *Federal Land Bank* case as being an action in forcible entry and detainer wherein this Court held that a party to an oral agreement may be prevented by estoppel from invoking the statute of frauds. However, in *Federal Land Bank of Omaha v. Matson*, supra, the single assignment of error questioned a particular instruction. The Court held the instruction was inapplicable under the version of either party. The question was not raised as to whether an equitable defense can be invoked in a forcible entry and detainer action. Neither did we address that issue. We acknowledged our commitment to the rule that the doctrine of equitable estoppel may prevent a party to an oral agreement from invoking the statute of frauds. The thrust of the decision seems to adhere to the single issue principle. Since the estoppel statement did not relate to this issue and was not essential to the decision, it was at most obiter dictum. However, I would modify *Shaw* to the extent it indicates the language in *Federal Land Bank of Omaha v. Matson*, supra, is more than dictum.

Where by statute, as in SDCL 21–16–9, the title to the real property may be brought into question, it is a limited issue as we quoted with approval in *McManus v. Maloy*, supra:

" 'Forcible entry and detainer,' or 'forcible entry and unlawful detainer,' is a proceeding at law, and the right to possession is the sole question involved, and evidences of title are only material in so far as they tend to show the right of possession, and no equities of parties can be determined."

Again this seems to follow the general rule, 35 Am.Jur., Forcible Entry and Detainer, § 6, p. 895.

The forcible entry and detainer remedy is designed to furnish a summary remedy to one entitled to the possession of land, *Murry v. Burris,* 1889, 6 Dak. 170, 42 N.W. 25; 35 Am.Jur.2d, Forcible Entry and Detainer, § 2, p. 891; 36A C.J.S. Forcible Entry and Detainer § 3, p. 961. Toward that end the time for responsive pleading is shortened, SDCL 21–16–7. It may be brought on promptly for trial upon two days' notice after issue has been joined with a special venire if necessary, SDCL 21–16–8. If equity issues are injected, they must be resolved in one of three ways:

1) The trial court can instruct the jury to render an advisory verdict as to equity matters,

2) With the consent of both parties, the jury can fully decide all questions of both law and equity, SDCL 15–6–39(c); or

3) The law and equity issues can be bifurcated with the legal questions tried to a jury and the equity issues to the Court, SDCL 15–6–39(a)(2).

Findings of Fact and Conclusions of Law must be settled following an advisory verdict or a trial to the Court, SDCL 15–6–52(a). Whichever procedure is followed, the equity issues would tend to defeat the summary objectives of the statute. Since forcible entry and detainer is purely a creature of statute in derogation of the common law, 36A C.J.S. Forcible Entry and Detainer § 3, p. 962, any modification or extension thereof should also be statutory.

The equity issue of laches was not submitted to the jury with the consent of both parties. Hence, the legal effect of the verdict to that extent was advisory, *State v. Nieuwenhuis,* 1926, 49 S.D. 181, 207 N.W. 77. An advisory verdict will not support a judgment, *Central Loan and Investment Company v. Loiseau,* 1931, 59 S.D. 255, 239 N.W. 487. Since Findings of Fact were not entered or waived, the judgment as to equi-

ty issues is supported by neither a verdict nor a decision. As we held in *In Re Lansing's Estate,* 1927, 51 S.D. 615, 216 N.W. 353:

"Under such circumstances . . . there has been no real trial of the case . . . .."

On this basis alone, I fail to see how the judgment can stand.

The majority opinion justified breaking precedent on the grounds the distinction between actions at law and suits in equity has been abolished. That is not a contemporary innovation. It has been the law since statehood, *Sykes v. First National Bank,* 1891, 2 S.D. 242, 49 N.W. 1058. However, this abolition only operated to create a common form of action but left intact the two distinct systems of jurisprudence, law and equity. Whether an action is one at law or in equity is to be determined on the basis of the facts pleaded and the subject matter of the action. We have consistently adhered to this rule, *Macomb v. Lake County,* 1900, 13 S.D. 103, 82 N.W. 417; *Byrne v. McKeachie,* 1912, 29 S.D. 476, 137 N.W. 343; *Cullen v. Dickenson,* 1913, 33 S.D. 27, 144 N.W. 656; *Parsons v. City of Sioux Falls,* 1937, 65 S.D. 145, 272 N.W. 288; *Holzworth v. Roth,* 1960, 78 S.D. 287, 101 N.W.2d 393. With equal consistency when the issue has been raised, we have simultaneously maintained the purity of the forcible entry and detainer remedy.

I would accordingly reverse.